DAVID A. PROPHIT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1287–71. Filed January 19, 1972.

David A. Prophit, pro se.
*Bruce A. McArdle*, for the respondent.

OPINION

Tietjens, *Judge:* The Commissioner of Internal Revenue determined a deficiency of $283 in the petitioner's Federal income tax for the taxable year 1968. The petition was properly filed pursuant to section 7463 [1] and Rule 36 of the Tax Court Rules of Practice, but on the parties' joint motion leave was granted to withdraw the case from consideration as a small tax case and to resubmit it as a fully stipulated case under Rule 30.

As petitioner does not challenge the Commissioner's disallowance of claimed deductions for certain employee business expenses incurred as a salesman for LaSalle Extension University of Chicago, less than the entire amount of the deficiency is in controversy. The sole issue for our determination is whether petitioner is entitled to dependency exemptions for his two minor children.

All of facts are stipulated and are so found.

David A. Prophit is a single individual who resided in Baton Rouge, La., when the petition was filed. He filed an individual Federal income tax return for the calendar year 1968 with the district director of internal revenue, New Orleans, La.

In September 1963 petitioner married Ursula Dahn in West Germany and resided in that country with her until their separation in April 1967. Thereupon petitioner returned to the United States. Two children, Thomas and Susanna, were born of the marriage. In June 1968 petitioner's wife obtained from a West German court a decree of divorce which provided for payments by petitioner for child support in the amounts of $40 per child per month commencing July 1, 1968. Ursula had custody of the children throughout 1968, and neither the children nor their mother have ever been in the United States.

In 1968 each contributor of support gave an equal amount for the support of each child. The total expended for the support of each child that year was $813.50:

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.

| Source | Amount |
|---|---|
| West German Social Office | $108.50 |
| Ursula Dahn Prophit | 0 |
| Petitioner's relatives | 100.00 |
| Parents of Ursula Dahn Prophit | 60.00 |
| Miscellaneous | 12.50 |
| | 281.00 |
| Petitioner | 532.50 |
| | 813.50 |

Petitioner claimed Thomas and Susanna as dependents in his Federal income tax return for the year 1968. The children were not claimed as dependents on any individual United States Federal income tax return for 1968 other than that filed by petitioner. The German decree of divorce had no provision concerning entitlement to a deduction under sections 151 and 152(e)(2)(A)(i).

On its facts, and under section 152(a)(1) before its amendment in 1967 which added section 152(e),[2] this would be a simple case involving dependency exemptions. Here it is stipulated by the parties directly involved in this litigation that petitioner furnished more than half the support of his minor children whom he claimed as dependents. Clearly, under section 152(a)(1) before 1967 this would call for allowance of the claimed exemption, i.e., petitioner had furnished more than half of the support of his children.

---

[2] Sec. 152 provides in part as follows:

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

(1) A son or daughter of the taxpayer, or a descendant of either,

* * * * * * *

(c) MULTIPLE SUPPORT AGREEMENTS.—For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if—

(1) no one person contributed over half of such support;

* * * * * * *

(e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.—

(1) GENERAL RULE.—If—

(A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

This leaves for consideration the effect of the amendment added by section 152(e) entitled "Support Test in Case of Child of Divorced Parents Et Cetera." This added section provides that children of divorced parents in the custody of the parent (in this case the wife) other than the petitioner shall be treated as dependents of the custodial parent.

This section, if applicable, apparently would deny the husband the deductions because he neither provided at least $600 for the support of either of his children nor $1,200 or more for both. Neither did the decree of divorce provide that he should be entitled to any deduction. But we are concerned with whether the agreed-on facts here necessarily call section 152(e) into play at all.

Petitioner in his pro se brief asks us to consider "the intent of the law, and not the 'letter' of it to use the words of the apostle Paul." In sum, he argues that under the law prior to January 1, 1967, he would have been entitled to the exemptions in these circumstances and that Congress did not mean a different result where it is *agreed* that petitioner provided more than one-half the actual support of his children. We agree.

From the legislative history set forth in footnote [3] below and our note thereto the provisions of section 152(e) were not too long ago

---

(A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

(B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

For purposes of this paragraph amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.

(3) ITEMIZED STATEMENT REQUIRED.—If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B)(i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary or his delegate, an itemized statement of the expenditures upon which the other parent's claim of support is based.

(4) EXCEPTION FOR MULTI-SUPPORT AGREEMENT.—The provisions of this subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c).

(5) REGULATIONS.—The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this subsection.

[3] The report of the House Ways and Means Committee on H.R. 6056, the House-passed bill virtually identical to P.L. 90–78 (Aug. 31, 1967), which added sec. 152(e), states:

"In many cases each parent honestly believes that he has contributed more than one-half of the support. The problem is compounded because of the ill will which sometimes exists

incorporated in the Revenue Code to ameliorate troublesome controversies between competing taxpayers, each claiming the same dependents as exemptions. In such circumstances there is a serious question as to which claimant actually furnished more than half the support and the new section of the Code attempted to establish pragmatic rules by which such disputes could be decided.

Certainly here there is no such controversy. Petitioner alone is claiming the exemptions. His divorced wife who had custody of the children made no such claim. The Commissioner has agreed that petitioner furnished more than half the support. In these particular circumstances we think the reasons for the enactment of section 152(e) are not present. Accordingly it is not necessary to call on its provisions to decide the case.

In so concluding we have perhaps given heed to petitioner's request that we consider his case in the words of the Apostle Paul referred to above. We assume he refers to 2 Corinthians iii: 6: "Not of the letter, but of the spirit; for the letter killeth, but the spirit giveth life."

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

SIMPSON, *J.*, concurring: With the holding of the majority, I agree, but I wish to emphasize what I understand to be the reason for so holding. Our holding that section 152(e) is not applicable is not based on the stipulation as to the support furnished by the father; it is based on the fact that only the father was claiming the deductions and on the understanding that the mother was a nonresident alien and was not even a potential claimant for such deductions. See secs. 871, 873,

---

between divorced or separated parents. In these cases the Internal Revenue Service finds itself in the position of an unwilling arbiter between the contending parents. In addition, in discharging its duties in administering this provision, the Service is hampered by the provisions of existing law which prohibit disclosure to either parent by the Service of information concerning the support (and the amount thereof) which the other claims to have contributed.

"The number of disputes involving this issue is so great that it has cast a serious administrative burden on the Service and has tended to clog the administrative machinery involved in bringing them to a conclusion. In fact, a disproportionate number of these cases are taken to the Tax Court for resolution. It has been estimated by the Service that during a recent year 5 percent of all income tax cases handled at the informal conference level of the administrative process involved this issue as the principal issue. The amounts involved in these cases, although significant to the taxpayers, are quite small. The costs to the taxpayers and the Government of resolving this issue in the administrative process and in the Tax Court are inordinate when compared with the amounts involved."

H. Rept. No. 102, 90th Cong., 1st Sess., p. 3 (1967). See also S. Rept. No. 488, 90th Cong., 1st Sess., pp. 2–3 (1967) ; 113 Cong. Rec. 6611 (1967), remarks of Representative Mills.

Also note the divorced taxpayer often has greater difficulty proving the necessary element of total support and his case for the exemption may fail for lack of proof that could show that he was clearly entitled to it. This Court has often noted "the exceedingly difficult, if not impossible, burden of establishing total support through the uncooperative mother." *Allen F. Labay*, 55 T.C. 6, 9 (1970). See for example *Charles S. Clary*, T.C. Memo. 1970–222.

I.R.C. 1954. Since the purpose for enacting section 152(e) was to provide a more satisfactory method of settling disputes when a dependency deduction was being claimed by both divorced parents, there is no need to apply the provision in this case. Because the mother was a nonresident alien who, so far as we understand, did not receive any income with respect to which dependency deductions would be allowable, she was not even a potential claimant for such deductions. Indeed, if section 152(e) were applied to this situation, the effect would be that no one would be entitled to the dependency deductions for the children. Thus, we hold that when there are not two potential claimants to a dependency deduction, section 152(e) is not applicable. In so holding, we take no position as to whether, when both divorced parents are potential claimants to the deduction, there may be circumstances under which section 152(e) is inapplicable.

FEATHERSTON, *J.*, agrees with this concurring opinion.

———

TANNENWALD, *J.*, dissenting: I think the majority decision flies in the face of section 152(e). That language expressly states that where a child receives over one-half of his support from his parents, who are legally divorced or separated under a decree or written separation agreement, and such child is in the custody of one or both parents "such child shall be treated, *for purposes of subsection (a)*, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year" (emphasis added), unless the other parent meets certain specified conditions. It is undisputed that petitioner did not satisfy those conditions. I do not think it is possible to deal with this case under section 152(a) without regard to the express language of section 152(e). Granted that the difficulties stemming from conflicting claims between parents for dependency exemptions were the generating force for legislative action, the clear mandate of section 152(e) is not limited in application to situations where a conflict exists. The fact that the petitioner and respondent have agreed on the amounts of support involved is beside the point. A third party, namely, the other spouse, is usually involved in this type of situation, albeit, in this particular case, the petitioner's former wife was a nonresident alien during the taxable year and therefore not subject to United States tax.

ATKINS and QUEALY, *JJ.*, agree with this dissent.