JAMES W. MAXWELL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5292–70. Filed January 27, 1972.

James W. Maxwell, pro se.
*Bobby S. Tyler*, for the respondent.

BRUCE, *Judge:* Respondent determined a deficiency in the income tax of the petitioner for the taxable year 1968 in the amount of $188.39. Certain minor adjustments contained in the statutory notice of deficiency were not contested. The only issue presented is whether the petitioner is entitled to a dependency exemption for his daughter, Wanda Maxwell, for the taxable year 1968.

### FINDINGS OF FACT

Petitioner resided in Cincinnati, Ohio, at the time the petition herein was filed. He filed an individual income tax return for the year 1968

with the Internal Revenue Service Center at Cincinnati, Ohio. In his return he claimed a dependency exemption for his minor daughter, Wanda Maxwell, who was then approximately 12 years of age.

Petitioner was divorced from his former wife, Evelyn Maxwell, on December 5, 1962. The divorce decree provided, among other things, that the plaintiff therein, Evelyn Maxwell, should have custody of Wanda Maxwell, the minor daughter of the parties, with rights of visitation in the defendant. It further provided that the defendant, James Maxwell, should pay $15 per week to Evelyn Maxwell for the support of Wanda Maxwell, their minor child, such payments to be made through the office of the clerk of courts.

Wanda resided with and was in the custody of her mother, Evelyn Maxwell, during the entire year 1968. During the year 1968, petitioner paid $780, in the manner prescribed by the divorce decree, for the support of Wanda.

The decree of divorce contained no provision that the parent not having custody, James Maxwell, should be entitled to a dependency deduction for Wanda and there was never any decree of separate maintenance or any written agreement between petitioner and his former wife, Evelyn Maxwell, providing that petitioner should be entitled to a dependency deduction for Wanda.

OPINION

Section 151(e) of the Internal Revenue Code of 1954 [1] provides for a dependency exemption for each dependent as defined in section 152. Section 152(a) defines the term "dependent" as including, among others, a daughter "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer.)"

No evidence was offered as to the total support furnished Wanda during the taxable year. Accordingly petitioner, upon whom the burden of proof rested (Rule 32, Tax Court Rules of Practice), has not established that he furnished "over half" of her support. *Aaron F. Vance*, 36 T.C. 547, 549 (1961); *Allen F. Labay*, 55 T.C. 6, affd. 450 F. 2d 280 (C.A. 5, 1971). We turn then to the question of whether more than one-half of her support is to be treated as having been received from petitioner under subsection (e) of section 152.[2]

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[2] Subsec. (c) relating to "Multiple Support Agreements" is inapplicable under the facts herein.

Section 152(e)(1)[3] provides as a general rule that a child of divorced parents is to be treated, for the purposes of section 152(a), as receiving over half his support from the parent having custody the greater portion of the year, *unless*, under the provisions of section 152(e)(2), he is to be treated as having received over half of his support from the parent not having custody.

Since petitioner furnished more than $600 but less than $1,200 for the support of his daughter Wanda, we are concerned here only with the exception contained in section 152(e)(2)(A), which provides that the child of divorced parents shall be treated as having received over half of his support from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

Having furnished $780 for the support of his daughter, Wanda, during the year 1968, petitioner has met the requirements contained in (A)(ii). However, since the divorce decree does not contain any provision that petitioner (the parent not having custody) should be

---

[3] SEC. 152. DEPENDENT DEFINED.
    (e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.—
      (1) GENERAL RULE.—If—
        (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and
        (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).
      (2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—
        (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and
        (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or
        (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and
        (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.
For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.

entitled to a dependency deduction for Wanda, and there was never any decree of separate maintenance or any written agreement between petitioner and his former wife, Evelyn Maxwell, providing that petitioner should be entitled to a dependency deduction for Wanda, the requirement contained in (A) (i) has not been met.

In order to be treated as having furnished over half of the support for Wanda under the exception provided by section 152(e)(2)(A), it was necessary that petitioner show not only that he had provided at least $600 for her support in 1968, but also that the divorce decree, or a written agreement between the parties, specifically provided that he, as the parent not having custody, should be entitled to any dependency deduction allowable for her. Cf. *Commissioner* v. *Lester*, 366 U.S. 299 (1961); *David A. Prophit*, 57 T.C. 507 (1972).

Since petitioner has not established that he is entitled to be treated as having furnished over half of the support for Wanda during the year 1968, under either of the exceptions provided by section 152 (e)(2)(A) and (B), we hold that petitioner is not entitled to a dependency deduction for his daughter Wanda for the year 1968.

*Decision will be entered for the respondent.*