VERNON L. SHEELEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7719–71. Filed January 8, 1973.

*John David Cole*, for the petitioner.
*Christopher D. Rhodes*, for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $419.11 in petitioner's Federal income tax for the year 1968.

At issue in this case is whether the petitioner is entitled to dependency exemption deductions for his three minor children in 1968. The answer, as stipulated by the parties, depends upon whether the transcript in a Montana proceeding, which resulted in an order modifying a California divorce decree, constitutes a "written agreement between the parents" sufficient to satisfy the requirements of section 152(e) (2) (A) (i), I.R.C. 1954.[1]

The facts are fully stipulated. We adopt the stipulation of facts and the exhibits attached thereto as our findings. The pertinent facts are summarized below.

Vernon L. Sheeley (herein called petitioner) resided in Bowling Green, Ky., when he filed his petition in this proceeding. He filed a timely Federal income tax return for the year 1968 in which he claimed dependency exemptions for his three minor children. Respondent disallowed the claimed exemptions.

The petitioner and his former wife, Katherine E. Sheeley (herein called Mrs. Sheeley), were divorced by a judgment rendered in the Superior Court in the State of California, in and for the County of Los Angeles, No. D-637680, on January 6, 1966.

The interlocutory judgment of divorce required the petitioner to

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

pay Mrs. Sheeley $200-a-month alimony and $150-a-month child support.

During their marriage Mrs. Sheeley and the petitioner had three children. During 1968 Mrs. Sheeley had custody of these children.

Petitioner paid over $600 for the support of each of the three children during 1968.

Mrs. Sheeley contributed over half of the support for each of the children during 1968.

Petitioner became delinquent in alimony payments. Mrs. Sheeley sued him in the District Court for the 11th Judicial District of the State of Montana, in and for the County of Flathead. She sued to obtain a lien on some Montana property in which petitioner owned an interest. She also wanted to secure her claim for past-due alimony.

On September 9, 1968, a hearing was held on that suit. After an off-the-record discussion, the attorneys for the parties reached an agreement which went beyond the purpose of the original suit. Petitioner was to deed to Mrs. Sheeley his one-half interest in the Montana property, as well as his interest in some California property. Petitioner was to be relieved of his obligation to pay past-due, as well as future, alimony. The agreement was to take effect after Mrs. Sheeley made a title search of the property to be transferred and was satisfied that she was receiving a merchantable title.

After the attorneys for the parties had stated that they agreed to the above terms, the following statements appear in the transcript of the proceedings held on September 9, 1968:

The Court: Let the record show that the offer is accepted by the plaintiff [Mrs. Sheeley]. Now, in addition to this relative to the support payments of the children, it is the Court's understanding that the defendant [petitioner] shall have the right to claim the children as dependents providing he makes the support payments as provided in the decree and that the plaintiff will furnish the defendant with a written statement to that effect when requested, is that right?

Mr. Morris: [Mrs. Sheeley's attorney] Yes, it is, your Honor.

The Court: Now, that will not be made any part of the decree of this Court's since that's between the parties. Now, in view of this offer and the acceptance, the Court will grant same pursuant to the offer and will withhold the signing of any modification of the decree pending the compliance by the defendant with his offer.

The statements were expressly excluded by the Montana court from the decree. And the court indicated that the agreement was to take effect only after the petitioner had complied with his offer by tendering a merchantable title to Mrs. Sheeley.

On January 20, 1969, petitioner had complied with his portion of the agreement. The District Court of the 11th Judicial District of the State of Montana, in and for the County of Flathead, decreed that the final

judgment of divorce in the Superior Court of the State of California be modified by striking all provisions relating to alimony.

Section 152(a)(1) of the Code provides that a child of the taxpayer qualifies as his "dependent" if more than half of the child's support was received from him during the taxable year. However, in the case of a child of divorced parents, section 152(e) provides, as a general rule, that the parent with custody of the child is entitled to the dependency exemption. There are two exceptions. The one that concerns us in this case is section 152(e)(2)(A), which provides that the parent not having custody is entitled to the dependency exemption if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, * * *

Here there is no decree of divorce or of separate maintenance which provides that the petitioner is entitled to the dependency exemptions for his three children. And, at best, there was only an oral agreement between the petitioner and Mrs. Sheeley indicating that he was to be entitled to the dependency exemptions. Thus, the narrow and pivotal question is whether the statements contained in the transcript of the Montana proceeding qualify as a "written agreement between the parents" for the purposes of section 152(e)(2)(A)(i). Petitioner argues that such statements constitute a "written agreement." Respondent argues that they do not. We agree with the respondent.

Congress enacted special rules for deciding which divorced parent would be entitled to dependency exemptions. The major objective of these rules is to provide certainty. See H. Rept. No. 102, 90th Cong., 1st Sess. (1967), 1967-2 C.B. 590. We would subvert the spirit and intent of the statute if we held that an "oral" agreement between the parents was the equivalent of a "written" agreement.[2] In this instance the plain language of the statute controls. There was no written agreement and, consequently, the requirements of section 152(e)(2)(A) are not met.

Clearly distinguishable is *David A. Prophit*, 57 T.C. 507 (1972), on appeal (C.A. 5, May 16, 1972), the only case cited by the petitioner. In that case it was agreed that Prophit had provided over half of the support for his children. If the same rationale were applied here, the petitioner would be denied the dependency exemptions because it has been stipulated that Mrs. Sheeley, rather than the petitioner, "con-

---

[2] Petitioner's right to the dependency exemptions could have been made certain if his attorney (not his present counsel) in the Montana proceeding had reduced the oral agreement to a written instrument.

tributed over one-half of the support for each of the three children" in 1968.

Accordingly, we hold that the petitioner is not entitled to the claimed dependency exemptions for his three children for the year 1968.

*Decision will be entered for the respondent.*

