JOHN A. FRAZIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frazier v. Commissioner
Docket No. 2472-71
United States Tax Court
T.C. Memo 1973-21; 1973 Tax Ct. Memo LEXIS 265; 32 T.C.M. (CCH) 74; T.C.M. (RIA) 73021; January 31, 1973, Filed John A. Frazier, pro se. Douglas K. Cook, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions thereto under section 6653(a), I.R.C. 1954[1] as follows: Year
Deficiency Addition To Tax 1968
$1,084.31
$54.22
1969
1,034.91
51.75
We must decide the following issues: (1) Whether petitioner's wife Mary Frazier had gross income in 1968 in the form of alimony. 2 (2) Whether petitioner provided over half the support for each of six children, all of whom he claimed as dependents, in 1968 and 1969. (3) Whether all or part of the underpayment *267 of tax determined by respondent for 1968 and 1969 was due to petitioner's negligent or intentional disregard of rules and regulations. FINDINGS OF FACT Petitioner, a resident of Buffalo, New York, when he filed his petition, filed separate individual Federal income tax returns for 1968 and 1969 with the district director, Buffalo, New York. Petitioner married Mary Frazier in 1955. Five children were born to petitioner and Mary Frazier during this marriage; namely, Gordon, Carl, Christopher, Douglas and Kevin Frazier. In addition, Mary Frazier's daughter by a prior marriage, Mary Ellen Robinson, lived with petitioner and his wife. Petitioner and Mary Frazier separated in 1965. Since that time all six children have lived continuously with Mary Frazier. On September 20, 1966, an Order of Protection was entered by the Family Court of the State of New York which provided that petitioner, "Shall stay away from the home, the other spouse or the (children)." Petitioner has continued to live separate and apart from Mary Frazier since that time. The Family Court entered a Support Order on October 9, 1967, wherein petitioner was ordered to pay $30 a week for the support of his *268 "wife and 6 children," payments to be made through payroll deduction to the Erie County Probation Department. This order was in effect until June 18, 1968. From January 1, 1968, to June 17, 1968, petitioner paid $720 pursuant to the support order. 3 This support order was modified by the Family Court on June 18, 1968, to require petitioner to pay $30 per week "for support of 6 children only," and not for the support of Mary Frazier. Payments were made by wage deduction to the Erie County Probation Department. Pursuant to this modified order, petitioner paid $750 for the remainder of 1968 and $1,530 during 1969 as partial reimbursement to the Erie County Department of Social Services for welfare payments made to Mary Frazier for the benefit of the six children. Petitioner also spent an additional $1,000 per year on the six children in both 1968 and 1969. Petitioner took out those of the six children who were not otherwise busy almost every weekend. Sometimes he took them to an amusement park and bought them rides; other times he took them to local lakes, beaches and parks where the children played on the swings, rode their bikes and caught polliwogs. They would have *269 barbecues, or buy snacks and drinks from a food stand. Sometimes petitioner would buy the children hamburgers and milkshakes. When he took them home he frequently gave them candy, soda pop, potato chips and pretzels to take with them. On the occasion of these visits petitioner also gave the children several dollars apiece for spending money. Petitioner gave each child $4 or $5 on his or her birthday, and he gave them presents at Christmas time. In 1969 he gave Christopher a $41 bicycle for Christmas. Petitioner expended $1,750 in 1968 and $2,530 in 1969, solely for the support of the children. During 1968 and 1969 the Erie County Department of Social Services provided cash grants to Mary Frazier for her support and the support of 4 the six children in the amounts of $3,987.80 and $5,145.14, respectively. The Erie County Department of Social Services also provided medical services to Mary Frazier in the amounts of $399.42 in 1968 and $33.46 in 1969, and $65.62 to the six children in 1969. Petitioner did not provide over half the support of any of the six children claimed by him as dependents in 1968 and 1969. During the taxable years 1968 and 1969, a seventh child, *270 Joyce Frazier, born November 27, 1967, lived with Mary Frazier and the six other children. Petitioner was not the father of this child; Mary Frazier testified that all of Joyce's support was provided by her natural father, and not from the welfare payments. However, the Erie County Department of Social Services provided medical services for Joyce in the amount of $57.44 in 1968. Petitioner did not claim a dependency exemption for Joyce Frazier. During all of 1968 and 1969, petitioner and Mary Frazier lived separate and apart pursuant to the Family Court order, but they were not legally separated under a decree of divorce or separate maintenance. Petitioner claimed Mary Frazier as an exemption in 1968, but not in 1969 because he believed she was being supported by another man. In each of 1968 and 1969 petitioner asked Mary Frazier whether she intended to take any of the children as exemptions on her return. In each year she replied that she did not intend to file a return because she had no income, and that she had no objection to petitioner's claiming the children on his return. In his notice of deficiency respondent disallowed petitioner's claimed exemption for Mary Frazier *271 in 1968 on the grounds that petitioner 5 had not established she had no gross income and was not the dependent of another. Respondent disallowed petitioner's claimed dependency deduction for the six children for 1968 and 1969 asserting that petitioner had failed to substantiate that he provided over half their total support. Respondent determined that petitioner's underpayment of taxes for 1968 and 1969 was due to negligence or intentional disregard of rules and regulations. OPINION 1. Alimony Issue Respondent first contends petitioner is not entitled to claim the personal exemption for Mary Frazier for 1968 under section 151(b), because the $720 paid by petitioner prior to June 18, 1968, constitutes alimony which is gross income to Mary Frazier. We agree with respondent. Respondent concedes that if the $720 is alimony to Mary Frazier, petitioner is entitled to a corresponding deduction under section 215. Periodic payments received under a decree for support by a wife from her husband from whom she is separated are includible in her gross income. Section 71(a) (3). It is not necessary that the wife be legally separated or divorced from her husband under a court *272 order or decree; the payments received may be under any type of court order or decree. Section 1.71-1(b) (3) (i) and 1.71-1(b) (6) Example (3), Income Tax Regs. Florence Korman, 36 T.C. 654 (1961), affd. per curiam 298 F. 2d 444 (C.A. 2, 1962). See also Jeanne S. Knobler, 59 T.C. No. 26 (1972). 6 Alimony does not include child support payments. Section 71(b). However, unless the amount of each payment allocable to child support is specifically designated in the decree, the entire sum paid for the support of the wife and children is includible in the wife's gross income as alimony. Commissioner v. Lester, 366 U.S. 299 (1961); Sara Nicoll Gotthelf, 48 T.C. 690 (1967), affd. 407 F. 2d 491 (C.A. 2, 1969). The Family Court Order of Support of October 9, 1967, which was in effect until June 18, 1968, required petitioner to pay $30 a week for the support of his "wife and 6 children." The entire $720 Mary Frazier received from January 1, 1968, to June 17, 1968, is alimony and must be included in her gross income. Petitioner is entitled to a corresponding deduction. Section 215. Because Mary Frazier *273 had $720 of gross income (alimony) in 1968, petitioner is not entitled to a personal exemption deduction for Mary Frazier in 1968. 2. Exemption for Six Children Respondent next contends that petitioner is not entitled to dependency deductions for the six children in 1968 and 1969 because he failed to prove he porvided over half the support for each of the six children in those years. Petitioner claims that he is entitled to the dependency deductions for 1968 and 1969 because his reimbursements to the Erie County Department of Social Services plus the amounts expended by him during child visitations constitute over half the children's support. Again we agree with respondent. To claim his five children and Mary Ellen Robinson as dependents, petitioner must prove that he provided over half their total support in each calendar year. Section 152(a); Aaron F. Vance, 36 T.C. 5477 (1961). The amount of support received from petitioner must be compared to the entire amount of support which the children received from all sources. Section 1.152-1(a) (2) (i), Income Tax Regs.
In 1968 and 1969 petitioner paid $1,750 and $2,530, respectively, for the support of the *274 six children.During those same years the Erie County Department of Social Services provided cash grants of $3,987.80 and $5,145.14, respectively, for the support of Mary Frazier and the six children. It also provided medical services to Mary Frazier in the amounts of $399.42 in 1968 and $33.46 in 1969, $57.44 to Joyce Frazier in 1968, and $65.62 to the six children in 1969. No evidence was offered regarding how much of the welfare payments were spent on Mary Frazier and how much on each of the children. The burden of proving the children's total support rests upon petitioner. Rule 32, Tax Court Rules of Practice. Accordingly, petitioner has failed to establish that he provided over half of each of the children's total support in 1968 and 1969. James W. Maxwell, 57 T.C. 539 (1972); Allen F. Labay, 55 T.C. 6 (1970), affd. per curiam 450 F. 2d 280 (C.A. 5, 1971); Aaron F. Vance, supra.
Petitioner argues that section 152(e) is applicable because he provided more than $1,200 each year for the support of all the children, and since Mary Frazier has not clearly established that she provided more for the children's support in 1968 *275 and 1969 than petitioner did, petitioner is entitled to claim six dependency deductions for the children. Respondent contends that section 152(e) is inapposite, and respondent is correct. 8 In order to qualify for section 152(e), three initial requirements must be met: (1) the children must be in the custody of one or both of the parents for over half the calendar year; (2) the parents must be divorced or legally separated under a decree of divorce or separate maintenance, or separated under a written separation agreement; and (3) the children must receive over half their support during the calendar year from their parents. Section 152(e) (1). There is no dispute between the parties that the first test has been met. The second requirement has not been met. We find that petitioner and Mary Frazier were not divorced or legally separated under a decree of divorce or separate maintenance, or separated under a written separation agreement in 1968 or 1969. The Order of Protection issued by the Family Court of the State of New York on September 20, 1966, merely directed petitioner to "stay away from the home, the other spouse or the (children)." The Family Court of the State *276 of New York is without jurisdiction to decree a legal separation or divorce. N.Y. Family Court Act, secs. 115, 652 (McKinney 1963); Kellner v. Commissioner, 468 F. 2d 627 (C.A. 2, 1972), affirming a Memorandum Opinion of this Court. Moreover, no evidence was presented that petitioner and Mary Frazier entered into any written separation agreement. See Vernon L. Sheeley, 59 T.C. No. 51 (1973). Respondent further contends that petitioner and Mary Frazier together did not provide over half the children's total support. His position is that aid to dependent children under Article 5, Title 10 of the New York Social Welfare Law (McKinney 1966) is deemed received 9 by the children from the State and contributed by the children toward their own support. As a result, respondent concludes that Mary Frazier contributed nothing toward the children's support, and petitioner contributed less than half their support. Although we view this issue to be an important one, we do not deem it necessary to decide it in light of our holding that petitioner and Mary Frazier were not legally separated. 3. Additions to Tax Respondent determined *277 additions to tax pursuant to section 6653(a), alleging that the underpayment of taxes for 1968 and 1969 was due to negligence or intentional disregard of rules and regulations. After careful consideration of the entire record, we find that no part of the underpayment of taxes for 1968 or 1969 was due to negligence or intentional disregard of rules and regulations. Accordingly, we hold for petitioner on this issue. Decision will be entered under Rule 50 Footnotes
1. All code references are to the Internal Revenue Code of 1954, as amended, in effect during the years in issue. ↩