JOHN A. FRAZIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frazier v. Commissioner
Docket No. 3739-77.
United States Tax Court
T.C. Memo 1979-515; 1979 Tax Ct. Memo LEXIS 10; 39 T.C.M. (CCH) 779; T.C.M. (RIA) 79515; December 27, 1979, Filed *10 Held, claimed dependency exemptions disallowed. Held further, petitioner is not entitled to file his income tax returns as an unmarried individual. Held further, petitioner's standard deduction limited to $1,000. Held further, section 6653(a) addition to tax imposed. John A. Frazier, pro se. J. Anthony Hoefer, for the respondent. WILES
MEMORANDUM FINDING OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1973
$2,071.91
$103.60
1974
2,085.15
104.25
1975
2,149.00
107.45
The issue for decision are: 1. Whether petitioner s entitled to any of the dependency exemptions claimed on his 1973, 1974 and 1975 income tax returns. 2. Whether petitioner is entitled to file his 1973, 1974 and 1975 returns as an unmarried individual. 3. Whether petitioner's standard deduction for 1973 and 1974 is limited to the maximum amount allowable for married individuals filing separate returns. 4. Whether petitioner is liable for the additions to tax under section 6653(a). FINDINGS OF FACT Some *11 facts were stipulated and are found accordingly. John A. Frazier (hereinafter petitioner) resided in Omaha, Nebraska, when he filed his petition in this case, and in Buffalo, New York, when he filed his 1973, 1974 and 1975 Federal income tax returns with the North Atlantic Internal Revenue Service Center, Andover, Massachusetts. Petitioner filed those returns and computed his tax liability as an "Unmarried Head of Household." [2]
On December 24, 1955, petitioner married Mary Frances Frazier, who had a daughter, Mary Ellen Robinson, by a previous marriage. Five children were born to petitioner and Mary Frazier during their marriage, namely: Gordon, Carl, Christopher, Douglas and Kevin. All six children resided with petitioner and Mary Frazier until September 15, 1965. On September 15, 1965, the Family Court of the State of New York issued a support order requiring petitioner to pay $45 per week for the support of Mary Frazier and the six children. This order also required petitioner to stay away from the home *12 of Mary Frazier and the children. Since 1965, petitioner has lived apart from Mary Frazier. In the years 1967 and 1970, Mary Frazier gave birth to two additional children: Joyce and Darren. Petitioner was not the father of either child. During each of the years at issue, all eight children resided with Mary Frazier. The support order of September 15, 1965, was modified several times by the Family Court. On June 18, 1968, the order was modified to require petitioner to pay " $30 per week for the support of six children only." To enforce this modified order the Family Court issued another order requiring petitioner's employer, Western Electric Company, to withhold and deduct the $30 per week from petitioner's wages and forward it to the Eric County Probation Department. During each of the years 1973, 1974 and 1975, petitioner's employer withheld and forwarded $1,560 to the Erie County Probation Department pursuant to the court order ( $260 for each child per year). During 1973, 1974 and 1975, seven of Mary Frazier's children received the following "Aid to Families with Dependent Children" benefit payments (hereinafter ADC payments) from the Erie County Department of Social Services. *13 Name
1973
1974
1975
Gordon
$690.50
$462.54 $0
Carl
$773.55
$682.62
$722.69
Christopher
$687.15
$666.55
$638.04
Douglas
$686.60
$669.32
$638.04
Kevin
$674.55
$707.10
$645.54
Joyce
$680.75
$700.70
$790.48
Darren
$691.65
$746.10
$654.54
The funds were earmarked for medical assistance and budgetary needs. During each of the years at issue, petitioner was enrolled in a health insurance program through his employer, Western Electric Company. This plan, which included both Blue Cross-Blue Shield and Extraordinary medical care health insurance covered petitioner, Mary Frazier and her eight children. Pursuant to a labor agreement, Western Electric Company paid all premiums on this health insurance program. On October 2, 1975, petitioner appeared in the Supreme Court of the State of New York seeking a divorce from Mary Frazier. The court dismissed his complaint for failure to establish a prima facie case. The Family Court modifications were not disturbed. On his income tax returns for 1973 and 1974, petitioner claimed dependency deductions for the eight children residing with Mary Frazier. He claimed dependency deductions for seven [3] of those children on his 1975 return. Mary Frazier did not join in filing petitioner's *14 1973, 1974 and 1975 returns. In his notice of deficiency, respondent disallowed those dependency deductions on the ground that petitioner failed to prove he provided over half the support of each child in those years. Respondent also recomputed petitioner's tax using the rates for married individuals filing separate returns. In addition, he reduced petitioner's claimed standard deduction for 1973 and 1974. Finally, respondnt also determined that part of the underpayment of tax for the three years at issue was due to negligence and intentional disregard of rules and regulations under section 6653(a). OPINION Issue 1: Dependency Exemptions
We must determine whether petitioner is entitled to any of the dependency exemptions which he claimed on his 1973, 1974 and 1975 income tax returns. Section 151(e), as applicable to the years in issue, provides for a dependency exemption of $750 for each dependent defined in section 152. Section 152(a), defines a dependent to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. To demonstrate his entitlement *15 to the exemptions, petitioner has the burden of proving not only what amount he contributed toward the support of the children, but also of showing that it exceeded one-half of their total support. Maxwell v. Commissioner,57 T.C. 539, 540 (1972); Vance v. Commissioner,36 T.C. 547, 549 (1961). Respondent contends that petitioner failed to prove that he provided over half the total support of each child claimed on his return for those years. Petitioner, on the other hand, argues that he should be "treated" as having provided more than half that support by virtue of section 152(e). For the reasons set out below, we reject petitioner's contention and hold for respondent. Petitioner asserts that the special rule of section 152(e)(2)(B) [4] *16 *17 is applicable because: (1) he was the parent not having custody of the children; (2) he provided more than $1,200 for the support of all [5] the children; and (3) Mary Frazier has not established that she provided more for the children's support during those years than petitioner. Respondent maintains that section 152(e) is inapplicable. We agree with respondent. Before petitioner is entitled to the benefit of section 152(e)(2)(B) certain conditions under section 152(e)(1) must be satisfied. These conditions *18 are as follows: (1) the children must be in the custody of one or both of the parents for over half the calendar year; (2) the parents must be divorced or legally separated under a decree of divorce or separate maintenance or separated under a written separation agreement, and (3) the children receive over half their support during the calendar year from their parents. Since the children were in the custody of Mary Frazier for the entire period at issue, there is no dispute that the first condition has been met. The parties disagree, however, as to whether the second requirement has been satisfied. Petitioner argues that the support order issued by the Family Court which required him to stay away from the home of Mary Frazier and the children resulted in a legal separation within the purview of section 152(e). Petitioner supports his position by citing numerous provisions of the New York Domestic Relations Law, and various New York cases interpreting those sections. We find this reliance misplaced and reject petitioner's contention. Petitioner has been before this Court on two prior occasions litigating his right to claim dependency exemptions in other years for these same children. *19 In both Frazier v. Commissioner,T.C. Memo. 1973-21, appeal dismissed (2d Cir. 1973), cert. denied 416 U.S. 990 (1974), and Frazier v. Commissioner,T.C. Memo. 1976-149, affd. per curiam 551 F. 2d 1118 (8th Cir. 1977), petitioner made the identical argument advanced herein, and in both cases, this Court held that petitioner was not legally separated from Marcy Frazier under a decree of divorce or separate maintenance. We stated that actual separation was not legal separation within the meaning of section 152(e). Moreover, we found that the Family Court of the State of New York is without jurisdiction to decree a legal separation. N.Y. Family Court Act, secs. 115, 652 (McKinney 1963). Despite these rulings against him, petitioner persists in arguing the issue before this Court for the third time. In this case, however, he asserts that respondent's reliance upon those previous decisions is misplaced because the Court of Appeals for the Eighth Circuit reversed our marital status holding in the second Frazier opinion. We disagree. The Eighth Circuit did not reverse this Court's holding in that case. Instead, that Court affirmed our disallowance of the dependency exemptions without *20 addressing the question whether separation pursuant to the Family Court order constituted legal separation within section 152(e). Petitioner has, therefore, grossly misinterpreted the import of that decision. Accordingly, we find the holdings of our prior opinions involving petitioner equally applicable to the present case. Moreover, since petitioner has failed to show that his marital situation changed during 1973 through 1975, we conclude that petitioner was not legally separated from Mary Frazier in those years. Consequently, his section 152(e) argument must fail. Having failed to satisfy the conditions under section 152(e), petitioner can only succeed if he proves that he provided over half the support of the children. This he failed to do. During the years at issue, Western Electric Company withheld a total of $1,560 from petitioner's wages and transmitted those funds to the Erie County Probation Department for the benefit of Carl, Christopher, Douglas, Kevin and Gordon Frazier, as well as Mary Ellen Robinson ( $260 each per year). In addition, the Department of Social Services provided ADC payments to seven children in the following amounts: 1973
1974
1975
Gordon
$690.50
$462.54 $ -0-
Carl
773.55
682.62
722.69
Christopher
687.15
666.55
638.04
Douglas
686.60
669.32
638.04
Kevin
674.55
707.10
645.54
Joyce
680.75
700.70
790.48
Darren
691.65
746.10
654.54
Petitioner *21 asserts that the amounts withheld from his wages constituted the only support furnished to those children. He contends that the ADC payments by Erie County were not includable in the support computations under section 152(a). We disagree. Although there is no all inclusive definition of the term "support," see section 1.152-1(a)(2)(i), Income Tax Regs., we believe it clearly encompasses these ADC payments to Mary Frazier's children. See Lutter v. Commissioner,61 T.C. 685, 690 (1974), affd. per curiam 514 F. 2d 1095 (7th Cir. 1975). [6] *22 However, the ADC payments furnished by Erie County constitute support provided by the county, rather than by petitioner. Lutter v. Commissioner,supra.Accordingly, petitioner will not be credited with these amounts for purposes of the support test under section 152(a). Moreover, we also note that the Family Court order, by its very terms, did not even require petitioner to make payments for the support of Joyce and Darren. Consequently, since petitioner has not shown that he contributed anything towards the support of those two children, he cannot claim them as dependents. [7] Petitioner next argues that he spent additional amounts for the children's support, consisting of health insurance premiums, clothing allowance, recreation expenses, etc. [8] He concludes that since his total support contributions exceeded the public assistance received by the children, he has met the statutory requirements for claiming dependency exemptions. We disagree. On the record before us, petitioner has failed to establish that he provided any support in excess of the amounts paid pursuant to the Family Court order. Although expenditures for health insurance may be considered an item of support, the record clearly indicates that premiums on the health insurance program covering Mary Frazier's eight children were paid by Western Electric *23 and not by petitioner. Those premiums, therefore, are not an item of support provided by petitioner. Moreover, even if these premiums constituted support furnished by petitioner he still would not have provided more than half the total support of the children. In sum, petitioner has simply failed to demonstrate that he provided more for the support of the children than did Erie County. Accordingly, having failed to prove that each child received over half his support from him during 1973 through 1975, petitioner is not entitled to any dependency deductions for those years. Issue 2: Filing Status
Petitioner filed his income tax returns for 1973, 1974 and 1975 as an unmarried "Head of Household." See sec. 2(b). Respondent recomputed petitioner's tax using the rates applicable to married individuals filing separately. At trial and again in brief, petitioner conceded that this filing posture was erroneous in light of the Eighth Circuit's opinion in Frazier v. Commissioner,supra. Petitioner now contends, however, that he was eligible to file as an unmarried individual under section 1(c). In view of our holding that petitioner was not legally separated from Mary Frazier during *24 these years, we must reject this contention and sustain respondent's determination. Issue 3: Standard Deduction
Petitioner claims he is entitled to a standard deduction of $2,000 for 1973 and 1974 under section 141. Respondent maintains that because petitioner was married during those years, his maximum standard deduction is limited to $1,000. Section 141(b), as applicable to these years, allowed a maximum standard deduction of $2,000. See, sec. 1.141-1(d), Income Tax Regs. In the case of a married individual filing a separate return, however, the allowable deduction was limited to one-half that amount, or $1,000. Based upon our holding that petitioner was not legally separated from Mary Frazier and that he filed a separate return as a married individual, we must hold for respondent on this issue. Issue 4: Section 6653(a) Addition to the Tax
The final issue for decision is whether petitioner is liable for the section 6653(a) addition to tax for 1973 through 1975. Respondent imposed the addition to tax based upon petitioner's negligence in preparing and filing his income tax returns. Petitioner has the burden of proving this determination wrong. Marcello v. Commissioner,43 T.C. 168, 172 (1964). *25 At trial, petitioner presented no evidence to contradict respondent's determination. Furthermore, an examination of the record clearly supports respondent's action. Petitioner filed his returns as an unmarried head of household. To claim that status, petitioner must have maintained a household which is the principal place of abode for himself and a dependent. See sec. 2(b)(1). Petitioner, however, was well aware that no dependents resided with him during those years. Moreover, he unjustifiably claimed exemptions for Joyce and Darren, who were not his children and for whom he provided no support. Based upon these actions, we are convinced that the imposition of the negligence penalty was not in error. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner originally filed his 1973 returns as a "single" taxpayer. He later filed an amended return for 1973 changing his status from single to unmarried head of household.↩
3. Petitioner did not claim a dependency deduction for Gordon in 1975.↩
4. SEC. 152. DEPENDENT DEFINED. (e) Support Test in Case of Child of Divorced Parents, etc. -- (1) General Rule. -- If -- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separate agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule. -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. ↩
5. Section 152(e)(2)(B) was amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to require the noncustodial parent to contribute at least $1,200 for each↩ of the children in order to receive the deduction.
6. See also, Morrison v. Commissioner,T.C. Memo. 1975-73 and Johnson v. Commissioner,T.C. Memo. 1974-150. 7. Since Joyce and Darren were not the children of petitioner, he could not claim them as dependents in any event. See sec. 152(a).↩
8. On brief, petitioner claimed the following support expenditures: ↩
1973
1974
1975
Family Court Ordered
Wage Garnishment
$1,560.00
$1,560.00
$1,560.00
Health Insurance Premiums
2,267.68
2,254.72
2,355.84
Other Support
2,000.00
2,000.00
2,000.00
Total Support
$5,827.68
$5,814.72
$5,915.84
Support Per Dependent $ 728.46 $ 726.84 $ 845.12