ALFONSO LORENZA DILLARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillard v. Commissioner
Docket No. 5158-83.
United States Tax Court
T.C. Memo 1984-26; 1984 Tax Ct. Memo LEXIS 653; 47 T.C.M. (CCH) 919; T.C.M. (RIA) 84026; January 11, 1984. Alfonso Lorenza Dillard, pro se. Joseph C. Hollywood, for the respondent. PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned to and heard by Special Trial Judge Joan Seitz Pate, pursuant to the provisions of section 7456(c) and (d), [1] General Order No. 8 (81 T.C. V) (July 1983), and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2]
*655 Respondent determined the following deficiencies in petitioner's Federal income tax returns: Taxable Year
Ended
Deficiency
1978
$405
1979
613
1980
539
The issues for decision in this case are: (1) whether the petitioner is entitled to a dependency exemption for his daughter for the years 1978, 1979 and 1980, and (2) whether petitioner may file as a "head of household" for each of those years. Petitioner's daughter, Takiyah, was born on May 5, 1976. She has resided with her mother, Mary McDonald, ever since her birth. Pursuant to series of orders issued by the family court of the State of Delaware, Newcastle County, petitioner paid Mary McDonald weekly sums for the support of their daughter. Such sums totaled $1,885 for the year 1978; $2,275 for 1979; and $2,444 for 1980. Takiyah was covered under petitioner's group Blue Cross Blue Shield insurance. Although most of the insurance premium was paid by his employer, in order to obtain the additional coverage necessary for his daughter, petitioner authorized deductions from his wages. The deductions totaled $86 for the year 1978, $89 for the year 1979, and $87 for the year 1980. In addition, evidence *656 was submitted that petitioner incurred some medical expenses on behalf of his daughter including the expense of transporting his daughter from her home to the doctor's office. Petitioner also testified that he provided life insurance for Takiyah's benefit. Since petitioner did not recall the exact amounts of these expenditures, we conclude, based on the record herein, that they amounted to a minimum of $100 per year. Consequently, the court finds that the total amount of support provided by petitioner for his daughter totaled $2,071 for 1978, $2,464 for 1979 and $2,631 for 1980. Section 151(e) allows an exemption for each "dependant" as defined in section 152. Section 152(a)(1) includes within its definition of dependent a daughter if the taxpayer provides over one-half of her support. In order to show that petitioner contributed over one-half of his daughter's support, he has the burden of proving, not only what amount he contributed toward her support, but also the amount spent for her total support. [3]Maxwell v. Commissioner,57 T.C. 539, 540 (1972); Vance v. Commissioner,36 T.C. 547, 549 (1961). *657 At trial Mrs. McDonald's testimony included her opinion as to the fair rental value of her home, an estimate as to the amounts paid for utilities, food and various other expenses of her household. During the years in issue, her household was occupied by three persons, Mrs. McDonald, her son and Takiyah. Therefore, one-third of these expenses would be attributable to Takiyah's support. In addition, Mrs. McDonald testified as to amounts she paid for Takiyah's care while she worked. Conflicting evidence was submitted by petitioner with regard to these expenditures. In order for petitioner's contribution to amount to more than half of Takiyah's support, the court must find that Takiyah's total support was something less than $4,142.00 for the year 1978, something less then $4,928.00 for the year 1979 and something less than $5,262.00 for the year 1980. Based on examination of the entire record and taking into consideration the credibility of the witnesses, the court does so find. Therefore, we hold that petitioner did provide more than one-half the support of his daughter for the years 1978, 1979 and 1980 and, accordingly, is entitled to an exemption for his dependent daughter *658 for each of those years. Section 1(b) provides special tax rates for persons qualifying as "heads of households." Section 2(b)(1) provides that an individual shall be considered a head of household if he is not married at the close of the taxable year and maintains as his home a household which constitutes the principal place of abode of a qualifying individual as a member of such household. Section 1.2-2(b)(1) Income Tax Regs. A daughter is a qualifying individual. Section 1.2-2(b)(3)(i) Income Tax Regs. However, the household must actually constitute the home of the petitioner and such home must also constitute the principal place of abode of Takiyah. Section 1.2-2(c)(i); Manning v. Commissioner,72 T.C. 838 (1979); Grace v. Commissioner,51 T.C. 685 (1969). Since the evidence is uncontradicted that Takiyah resided with her mother during the years in issue, we hold that petitioner does not qualify as a "head of household" for the years 1978, 1979 and 1980. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Since petitioner and Mary McDonald were never married, the provisions of section 152 (e), relating to a child of divorced or separated parents, do not apply. Cf. Finch v. Commissioner,T.C. Memo 1981-233↩.