T.C. Summary Opinion 2003-32


UNITED STATES TAX COURT


ELNORA F. HODNETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4349-01S.                    Filed March 28, 2003.


Elnora F. Hodnett, pro se.

<u>Keith Fogg</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Subsequent section references are to the Internal Revenue Code in effect for 1998.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,249 in petitioner's 1998 Federal income tax. The issues for decision are: (1) Whether petitioner qualifies as a head of household; (2) whether petitioner is entitled to dependency exemption deductions for two of her grandchildren; and (3) whether petitioner is entitled to child tax credits for two of her grandchildren.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Roanoke, Virginia.

Petitioner is the mother of Karen Renee Hodnett (petitioner's daughter), and grandmother of Dajaneke Hodnett and Da'Shawn Hodnett (petitioner's grandchildren), who are children of petitioner's daughter. During the year in issue they all lived together in an apartment leased to petitioner's daughter. Petitioner's daughter or petitioner contributed approximately $89 per month toward the rent of the apartment. The balance of the rent, which cannot be determined from the record, was subsidized under a Federal or State public assistance program.

Petitioner's daughter was unemployed throughout 1998. During that year, petitioner contributed unspecified amounts, presumably for food, clothing, etc., toward the support of her daughter and grandchildren. The fathers of petitioner's

grandchildren did not contribute toward their support. Petitioner's daughter, on behalf of herself and petitioner's grandchildren, received various forms of public assistance, including subsidized housing, cash assistance, food stamps, and medical benefits, the total of which cannot be determined from the record.

Petitioner was employed by Hansteck Corporation during 1998. Her wages that year totaled $17,280, which amount is the only income reported on her timely filed 1998 Federal income tax return. That return was prepared by a paid income tax return preparer. The Federal income tax liability reported on petitioner's 1998 return takes into account: (1) Petitioner's filing status as a head of household and the appropriate standard deduction; (2) dependency exemption deductions for her grandchildren; (3) child tax credits for her grandchildren; and (4) an earned income credit computed by treating her grandchildren as qualifying children.

In the notice of deficiency respondent changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly. Respondent also disallowed the dependency exemption deductions and child tax credits claimed for petitioner's grandchildren. The adjustment made in the notice of deficiency pertaining to the earned income credit is not in dispute.

Discussion

Subject to various conditions and exceptions, a taxpayer is entitled to a dependency exemption deduction for each of the taxpayer's dependents. Sec. 151(a), (c). The term "dependent" includes, among other individuals, the taxpayer's grandchild, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer". Sec. 152(a).

During 1998, petitioner's grandchildren received their support from two sources: public assistance and petitioner. However, there is insufficient evidence in the record to support any findings as to the total support received by each child, or how much support each child received from each source. Accordingly, it is impossible to determine whether either of petitioner's grandchildren received over half of his or her support from petitioner during the year in issue. Maxwell v. Commissioner, 57 T.C. 539, 540 (1972). It follows that petitioner is not entitled to a dependency exemption deduction for either of her grandchildren, and respondent's determination in this regard is sustained.[1]

Subject to various conditions and limitations, a taxpayer is entitled to a child tax credit for each qualifying child of the

---

[1] Under the circumstances, petitioner bears the burden of proof. Sec. 7491(a); Rule 142(a).

taxpayer. Sec. 24. An individual is a qualifying child of the taxpayer for purposes of the child tax credit if, in addition to other requirements, the taxpayer is entitled to a dependency exemption deduction for the individual. Sec. 24(c).

As discussed above, petitioner is not entitled to a dependency exemption deduction for either of her grandchildren for 1998. Consequently, for purposes of the child tax credit, neither of petitioner's grandchildren is her qualifying child for that year, and she is not entitled to the child tax credits here in dispute. Respondent's disallowance of those credits is sustained.

Petitioner claimed head of household filing status on her 1998 return. A taxpayer qualifies as a head of household if, in addition to other situations and among other requirements, during the year the taxpayer furnishes over half of the cost of maintaining, as the taxpayer's home, "a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of", among other individuals, a grandchild of the taxpayer. Sec. 2(b)(1)(A)(i).

The cost of maintaining the household of which petitioner was a member during 1998 was furnished in part through the public assistance benefits received by petitioner's daughter, and in part by petitioner. The evidence in this case does not establish

the total cost of maintaining petitioner's household during 1998, or what portion of that cost was furnished by petitioner. Consequently, we are unable to determine whether petitioner furnished more than one half of the cost of maintaining her household during 1998. It follows that petitioner does not qualify as a head of household for that year.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and respondent's concession of petitioner's entitlement to the earned income credit claimed on her 1998 return,

Decision will be entered

under Rule 155.