JANET M. DUCAR AND JOHN G. DUCAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent ANTHONY F. BUGOW AND SHEILA BUGOW, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Ducar v. Commissioner
Docket Nos. 8191-76, 9047-76.[2]
United States Tax Court
T.C. Memo 1977-316; 1977 Tax Ct. Memo LEXIS 124; 36 T.C.M. (CCH) 1278; T.C.M. (RIA) 770316; September 19, 1977, Filed *125 Donald J. Acquilio, for the petitioners in dkt. No. 8191-76. Stephen C. Greene, for the petitioners in dkt. No. 9047-76. William J. Neild, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Joseph N. Ingolia pursuant to an order of the Chief Judge. The Court agrees with and adopts, with minor changes, the opinion of the Special Trial Judge, which is set forth below. [3]
OPINION OF THE SPECIAL TRIAL JUDGE INGOLIA, Special Trial Judge: Respondent determined a deficiency in the Federal income tax of Janet M. Ducar and John G. Ducar, Docket No. 8191-76, in the amount of $420 for the taxable year 1973. He also determined a deficiency of $325.71 in the Federal income tax of Anthony F. Bugow and Sheila Bugow, Docket No. 9047-76, for the taxable year 1973. The principal issue for resolution *126 herein is which of the petitioners are entitled to dependency exemptions in 1973 for two minor children born of the former marriage between Janet M. Ducar and Anthony F. Bugow. A second issue, with respect to Docket No. 9047-76, is whether petitioners therein are entitled to interest expense deductions for 1973 pursuant to section 163 of the Code [4] in excess of amounts previously allowed to them by respondent. I. Dependency Exemption
At all times pertinent to this proceeding, all petitioners resided in Oswego, New York. Petitioners Janet M. Ducar (hereinafter referred to as Janet) and Anthony F. Bugow (hereinafter referred to as Anthony) were married on June 28, 1958. Two children, Sandra Lee Bugow and Vikki Lynn Bugow, were born of this marriage. Both children were minors during 1973. Marital strain developed subsequently, and both Janet and Anthony retained counsel to represent their respective interests in procuring a divorce. Janet and Anthony entered into a separation agreement on October 3, 1966. On November 30, 1966, prior to executing the separation agreement which had *127 been prepared by Anthony's attorney, Janet discussed its terms with her attorney, Thomas M. McGough. During this conference, Janet specifically raised the issue of dependency exemptions for the children, since that was not separately included in the October 3rd separation agreement. McGough telephoned Anthony's attorney and, after some negotiations by the parties and their attorneys, it was agreed, interalia,[5] that Anthony would be entitled to the dependency exemptions for the two minor children. Before Janet left McGough's office, he discussed with her the substance of the letter which he would write and send to Anthony's attorney covering the specific points agreed to in the conversation. On December 1, 1966, McGough forwarded a letter signed by him to Anthony's attorney confirming the parties' *128 agreement of November 30, 1966, and enclosing the separation agreement executed by Janet. Janet did not sign this letter and no other copies of the letter were sent out. Anthony and Janet were divorced in the State of Chihuahua, Republic of Mexico, on January 7, 1967. Under the terms of the October 3, 1966 separation agreement, Janet was given sole custody of the two minor children and, during all of 1973, both children lived with her. The October 3, 1966 separation agreement required Anthony to pay $20 per week to the Oswego County probation officer for support, care, and education of two children. The parties have stipulated that during 1973 Anthony paid a total of $1,040 to the probation officer, all of which was paid over to Janet during 1973. Moreover, from the evidence of record, we find that Anthony also contributed additional amounts and items of support which, when taken together with the payments to the Oswego County probation officer, exceeded $600 per child. During 1973, Janet also, of necessity, provided money and support for the two minor children in her custody. From January of 1973 until October of 1973, while living with her mother, prior to her marriage *129 to John Ducar, she paid her mother $40 per week in rent for her and the two children. She also incurred other substantial support expenses in 1973; and we are convinced, based on the totality of the evidence which she presented, that she clearly established that she provided more for the children's support than did Anthony. On their respective 1973 joint Federal income tax returns, both the Bugows and the Ducars claimed two dependency exemptions each for Sandra Lee and Vikki Lynn Bugow. Upon audit, respondent disallowed the exemptions to both sets of claimants. However, on brief and at trial, respondent contended that the Bugows were entitled to the two dependency exemptions. Section 152(a)(1) of the Code provides that a child of the taxpayer qualifies as his "dependent" if more than half of the child's support was received from him during the taxable year. In the case of a child of divorced parents, section 152(e) provides, as a general rule, that the parent with custody of the child is entitled to the dependency exemption. However, an exception to this general rule is provided in section 152(e)(2) as follows: (A)(i) the decree of divorce or of separate maintenance, or a *130 written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child * * * In the instant case, since we have found that Anthony did provide over $600 in support for each of his minor children in 1973, the issue narrows to whether the letter written by Janet's attorney, Thomas M. McGough, constitutes a "written agreement between the parents." In Sheeley v. Commissioner,59 T.C. 531 (1973), which involved an oral agreement reached during the divorce proceedings, this Court held that the statements contained in the transcript of the proceedings did not constitute a "written agreement between the parents" for the purposes of section 152(e)(2)(A)(i). However, the Court noted in Sheeley in footnote 2 at page 534: Petitioner's right to the dependency exemptions could have been made certain if his attorney (not his present counsel) in the Montana proceeding had reduced the oral agreement to a written instrument. *131 In the instant case, Janet's attorney, Thomas McGough, did precisely what the Sheeley footnote indicated--he reduced the oral agreement to a written instrument. There is no evidence that the written document varied in any way from the oral agreement. In fact, the evidence indicates that Janet was made aware of the contents of the letter by McGough before the letter was sent out. Moreover, from the testimony, Janet personally raised the issue of dependency exemptions when she went to discuss the October 3rd separation agreement with McGough. Further, the record reflects that the other provisions of the agreement were compiled with by both Anthony and Janet. Accordingly, on the facts as herein presented, we find that the letter written by Janet's attorney constitutes a "written agreement between the parents." Therefore, we hold that for the taxable year 1973 Anthony and Sheila Bugow are entitled to the dependency exemptions claimed for the two minor children, Sandra Lee and Vikki Lynn Bugow. II. Interest Expense Deduction
On their 1973 joint Federal income tax return, petitioners Anthony and Sheila Bugow claimed interest expense deductions in the amount of $591. Upon *132 audit, respondent disallowed such claimed deduction to the extent that it exceeded $552.30. We agree with respondent's determination. Rule 142, Tax Court Rules of Practice and Procedure, provides that the burden of proof, in general, shall be on petitioner. In the instant case the petitioners have adduced no evidence to show that they incurred interest expenses in excess of that amount previously allowed by respondent. Accordingly, we sustain respondent's determination with respect to this issue. * * *
In view of the foregoing, Decision will be entered for the respondent in docket No. 8191-76. Decision will be entered under Rule 155 in docket No. 9047-76. Footnotes
1. These cases have been consolidated herewith for purposes of trial, briefing, and opinion.↩
2. At trial, following the granting of a joint motion filed by petitioners, these cases were removed from the "S" case category and were placed on the Court's regular docket.↩
3. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
4. All Code references herein are to the Internal Revenue Code of 1954, as amended.↩
5. Other items agreed to by the parties included provisions that Anthony would pay the cost of Janet's trip to Mexico to procure the divorce, as well as her counsel fees in the sum of $150, and that he would reimburse her for all lost wages sustained while in Mexico obtaining the divorce. Subsequently, Anthony paid all of the amounts required pursuant to this agreement.↩