OPINION. Black, Judge: Petitioners Delbert and Hermantina contend they are entitled to the dependency exemption for Tom for 1958 and 1959 because, in the community property settlement at divorce, Jewel promised that Delbert could claim the children by a multiple-support agreement. Delbert contends Jewel violated the terms of the community property settlement approved by the divorce court. However, we are not bound by that court’s determination, Muriel Dodge Neeman, 13 T.C. 397 (1949), affirmed per curiam 200 F. 2d 560 (C.A. 2, 1952), certiorari denied 345 U.S. 956 (1953). In any event, a multiple-support agreement could not be made applicable as to Delbert since we have found that Jewel contributed over one-half of Tom’s support and the statute expressly states that a dependency cannot be claimed by any other taxpayer in this situation.[1] The decision in the instant case depends entirely on the amount of support actually contributed by each parent in relation to the total support received by the claimed dependent in each of the years in issue. Our findings of fact show that the amount of support furnished Tom in 1958 and 1959 totaled $1,813.16 and $2,256.66, respectively. Since the contributions of Delbert and Hermantina were not more than $660 in 1958 and $610 in 1959, they have failed to prove they furnished over one-half of the total support received by Tom. We have determined that Jewel furnished over one-half of the total support provided Tom. In reaching this conclusion we determined that she is entitled to claim the entire fair value of the lodging furnished Tom instead of one-half thereof as Delbert and respondent contend. The divorce decree awarded possession of the residence to her as “her part of the community property.” Legal title remained in Delbert and Jewel as tenants in common. The divorce decree ordered that the house be sold after the youngest child reached 18 or Jewel remarried and the proceeds used to reimburse Jewel for the amount by which she reduced the indebtedness against the house. The decree also provided that the balance of the proceeds from the sale of the house be equally divided between Delbert and Jewel. However, the decree imposed the trust on the property for Jewel’s “use and benefit.” In essence, Jewel exchanged her share in all the undivided community property for certain specific items of property and the right to use and possession of the house for the time limits set by the divorce court. Lodging support for Tom in 1958 and 1959 does not depend on the respective legal interests owned by Jewel and Delbert in the residence. It is based rather on fair value of the lodging furnished. Jewel had the sole right to possession and occupancy in the years in issue and accordingly the lodging furnished Tom in that residence was furnished by her. We have accepted and have not changed several of the items claimed by Jewel as to her expenses for the support of Tom. Other items which she claimed at the hearing we think are too high and unrealistic and we have made findings as to those items, applying the so-called Cohan rule based on Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). Decision will he entered for the resfondent in Docket No. 9207'If,. Decision will he entered for the petitioner in Docket No. 92078. Internal Revenue Code of 1954 : SEC. 152. DEPENDENT DEFINED. (e) Multiple Suppokt Agreements. — Eor purposes of subsection (a), over half of the support of an Individual for a calendar year shall be treated as received from the taxpayer if— (1) no one person contributed over half of such support;