## 31626. GOODRUM v. FULLER.

NICHOLS, Chief Justice.

In 1962 Carol B. Goodrum and Donald R. Goodrum were divorced. An agreement entered into between the parties and made a part of the divorce decree provided for child support of $100 per month for each of the couple's three children. The agreement included the following language: "[P]rovided however that in the event a child is enrolled in college when he or she attains the age of 21 years and is not married or self-supporting, and remains continuously enrolled in college, then there shall be no reduction in the amount of payments specified herein because of such child's attainment of the age of 21 years until such child completes 4 years of college." In 1968, after the former wife had again married, the amount of

child support was increased by $66.67 monthly for each of said children. This agreement, approved by the trial court, included a stipulation that the increase in child support payments awarded was based upon the former husband's then income "in the sum of $29,000 per year," which was his net income after the payment of Federal income tax. The present complaint seeking a second modification of the original decree was filed in April, 1976 after the oldest of the couple's three children had completed college. The trial court entered a decree in which it found that the increase in the former husband's income was so substantial as to demand a modification of the prior decree, and increasing the child support by providing in part: "The Defendant shall pay to the Plaintiff for the educational benefits of the two minor children . . . the sum of $6,000.00 each for the nine month college period. Should either of the children continue their college training for the full twelve month period, an additional payment prorated on the base figure of $6,000.00 shall also be paid. During summer vacation, said child or children not being enrolled in college the Defendant shall continue to pay to the Plaintiff as child support the sum of $166.67 per child per month. Should either or both children physically reside with the Defendant during said period, he shall deposit the sum of $166.67 per child in the child's college account and said sum shall be in addition to the sum specified in the preceding paragraph." The decree then provides that it is the purpose and intent of the order as amended to carry out the terms and conditions of those provisions of said decree providing for a college education for the two minor children still within college age.

The former husband appeals and enumerates the judgment of the trial court as error as being an unauthorized modification of the prior decree, contends that the award of educational benefits was excessive in amount, was made contrary to the evidence, and constituted an abuse of discretion or, in the alternative, reflected the complete absence of the exercise of discretion by the trial court and was thus error.

The first question for decision is whether the original contract entered into between the parties, and approved

by the trial court, authorized the interpretation placed thereon by the trial court that it was the intent of the parties that the father provide a college education for the children.

Code § 20-702 provides: "The cardinal rule of construction [of contracts] is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction."

"Contracts in settlement of claims for alimony and support of minor children stand upon the basis of other contracts to the extent that they are subject to construction by the court. In construing such contracts the intention of the parties should be arrived at and given effect. Code § 20-702; *Brown v. Farkas* [195 Ga. 653 (25 SE2d 411)]." *Ramsay v. Sims,* 209 Ga. 228, 237 (71 SE2d 639) (1952).

Thus, the language of the original agreement, approved by the trial court, must be considered. This agreement provided in part: "The husband shall also pay to the wife . . . for the support, maintenance and education of the three minor children named above, while they are in her custody . . . The payments provided herein shall be reduced . . . at the time each child named herein attains the age of 21 years, becomes married or self-supporting, whichever shall occur first, provided however that in the event a child is enrolled in college when he or she attains the age of 21 years and is not married or self-supporting, and remains continuously enrolled in college, then there shall be no reduction of the amount of payments specified herein because of such child's attainment of the age of 21 years until such child completes 4 years of college . . ."

In *Moody v. Moody,* 224 Ga. 13 (159 SE2d 394) (1968); and *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387) (1968), it was held that an alimony decree which provided funds for the college education of a child of the divorced couple was not illegal. Thus, a contract which is later made a part of a divorce decree, providing for a college education for the child or children of a divorced couple, would not be illegal but would be given full force and effect under Code § 20-702, supra. The agreement in this case

did not provide for a college education to be paid for by the former husband, but merely provided that the child support to be furnished was to be furnished for the "support, maintenance and education" of the children and then provided that in the event a child should be enrolled in college at the time such child attained the age of 21 that the amount of payments specified should not be reduced until the child completes four years of college. Accordingly, the original decree did not require the former husband to pay, in addition to normal child support, the college education expenses of the children.

Under decisions exemplified by *Kendrick v. Kendrick,* 218 Ga. 284 (127 SE2d 379) (1962), and *Butterworth v. Butterworth,* 227 Ga. 301 (180 SE2d 549) (1971) and 228 Ga. 277 (185 SE2d 59) (1971), the decree appealed from in this case providing in addition to child support an amount to be used for the college expenses of the then two minor children of the couple was reversible error, as was that part of the decree which required the former husband to pay child support into a college fund while he was supporting such children.

The case is remanded to the trial court with direction that a new decree be entered in accordance with this opinion.

*Judgment reversed with direction. All the Justices concur, except Gunter, J., who dissents.*

ARGUED OCTOBER 12, 1976 — DECIDED OCTOBER 26, 1976.

*Telford, Stewart & Stephens, J. Douglas Stewart, William H. Blalock, Jr.,* for appellant.
*Robert J. Reed,* for appellee.