STEPHEN KLYPKA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klypka v. Commissioner
Docket No. 5783-76.
United States Tax Court
T.C. Memo 1979-25; 1979 Tax Ct. Memo LEXIS 503; 38 T.C.M. (CCH) 93; T.C.M. (RIA) 79025; January 16, 1979, Filed *503 Petitioner claimed dependency exemption deductions on his 1972 Federal income tax return for two of his children by a past marriage. Held: As to one child, petitioner failed to carry his burden of proving that he and his former wife provided over half the support of that child. Sec. 152(e)(1)(A), I.R.C. 1954. Held further: As to the other child, petitioner failed to carry his burden of proving that he provided at least $ 1,200 for the support of that child. Sec. 152(e)(2)(B)(i), I.R.C. 1954. Stephen Klypka, pro se. Michael A. Mayhall and Daniel L. Morgan, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency of $ 255 in petitioner's Federal income tax for 1972. The only issue is whether petitioner is entitled to claim dependency exemption deductions under section 151(e) [1] in 1972 for two children from a past marriage. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the *504 petition in this case was filed, petitioner resided in Passaic, New Jersey. Petitioner and his former wife, Genevieve E. Klypka (hereinafter sometimes referred to as "Genevieve"), were divorced on March 9, 1972. The final judgment of the Superior Court of New Jersey, Chancery Division, Passaic County, gave custody of their three children, Theresa, Mark, and Marilyn, to Genevieve. Further, petitioner was ordered to pay Genevieve $ 13 per week for each child in child support. The judgment contained no provision allocating the dependency exemptions for the three children. Dependency exemptions for only two of the children, Mark and Marilyn, are at issue here. At the close of 1972, Mark was 18 years old and Marilyn was 17 years old.
During 1972, petitioner provided support through the Passaic County Probation Department for Mark and Marilyn in the total amounts of $ 481 and $ 689, respectively. In addition to these amounts, petitioner paid a dental bill of $ 49 for Marilyn in 1972. On his income tax return for 1972, petitioner claimed that he provided $ 676 each for Marilyn's and Mark's support in 1972. The total amounts spent for the support of Mark and Marilyn in 1972, excluding *505 lodging, are shown in table 1. Table 1. Item
Mark
Marilyn
Food $ 450 $ 450
Clothes
50
100
Utilities
285
285
Medical
40
420
Transportation
305
165
Newspapers, etc.
20
20
Recreation
50
0
High school graduation
190
0
Other
2,060
830
Totals
$ 3,450
$ 2,270
Mark and Marilyn lived with Genevieve during 1972 in a house which petitioner and Genevieve owned, each with a one-half interest. [2] *506 During 1972, Genevieve paid property taxes of $ 905.26, mortgage interest of $ 543.01, mortgage amortization of $ 442.91, curbs assessment of $ 77.78, and sewer assessment of $ 48.58 with respect to this house. Mark was a full-time high school student from January through June 15, 1972. He had a job as a part-time short-order cook in the summer of 1972. Mark worked for Ford Motor Company about 12 weeks, from September 1972 to December 1972. He earned approximately $ 3,500 from the two jobs, of which he saved $ 100 a week while working for Ford. During the period Mark worked for Ford, he paid Genevieve $ 20 a week room and board. The difference between Mark's earnings ($ 3,500) and what he saved ($ 1,200) or paid to Genevieve for room and board ($ 240) is $ 2,060. This amount was spent by Mark on items for his own support, such as his car, clothes, entertainment, etc., and is included in table u, as "Other". Marilyn also had a job during 1972 and earned approximately $ 1,100, of which she saved approximately $ 270. Marilyn spent the difference of $ 830 on items such as clothes, cosmetics, and entertainment for herself. This amount is also included in table 1, as "Other". Petitioner and Genevieve together provided over half of Marilyn's support *507 for 1972. OPINION Petitioner contends he is entitled to dependency exemption deductions for Marilyn and Mark. Respondent contends that (1) petitioner has failed to show that petitioner and Genevieve provided more than half of the support of Mark during 1972; and (2) Genevieve provided more of the support of Marilyn than petitioner did.Respondent concludes that petitioner is not entitled to a dependency exemption deduction for either of the two children. We agree with respondent's conclusion. [3]
Statutory framework
Section 151(e) provides, in relevant part, an "exemption of $ 750 *508 for each dependent (as defined in section 152)". Section 152(a)[4] *509 defines a dependent to include a child over half of whose support for the calendar year was received from the taxpayer. In determining whether this support test has been met, section 152(e)[5] *510 provides that, in the absence of an agreement to the contrary, if a child receives over half of his or her support during the calendar year from the child's divorced parents, the custodial parent is treated as providing over half of the child's support. However, if the noncustodial parent provides $ 1,200 or more for the support of the child (or if there is more than one child, $ 1,200 or more for all of the children) for the calendar year, then the noncustodial parent is treated as having provided over half the support for that child unless the custodial parent clearly establishes that the custodial parent provided more for the support of that child during the calendar year. Determining on the basis of the record before us whether petitioner is entitled to dependency deductions for Mark and Marilyn in 1972 is akin to determining the relative wealth of the Canarsie Indian tribes and the Powhatan Indian confederacy in 1626; some elements of *511 the record are almost complete, some are quite spotty, and several of the most significant are shrouded in fog. Nevertheless, the above rules must now be applied to the individual situations of Mark and Marilyn. Exemption for Mark
In order for the special statutory provisions with respect to children of divorced parents to apply, it must first be determined that Mark received over half of his support for 1972 from petitioner and Genevieve. (Section 152(e)(1); Hopkins v. Commissioner,55 T.C. 538, 541 (1970).) We have found, as illustrated in table 1, that, exclusive of lodging, the total amount spent for the support of Mark in 1972 was $ 3,450.Mark provided for his own support $ 2,300 ($ 2,060 listed as "Other" in table 1, plus $ 240 Mark paid to Genevieve). Petitioner made no attempt to provide us with even an approximate figure representing the fair rental value of lodging provided to Mark. [6] *513 For petitioner and Genevieve to have provided more than half of Mark's support for 1972, Mark's total support would have to be more than $ 4,600 (i.e., more than twice the $ 2,300 Mark contributed). For Mark's total support to be more than $ 4,600, the fair rental value of Mark's lodging *512 would have to be more than $ 1,150 (i.e., the amount by which more than $ 4,600 exceeds the $ 3,450 described in table 1, supra). Since Genevieve and Marilyn also shared the house and we have no basis for allocating fair rental value other than equally among Genevieve, Marilyn, and Mark, petitioner could succeed on this point only by showing that the 1972 fair rental value of the house was more than $ 3,450. The evidence in the record is insufficient to carry petitioner's burden of proof. [7] Since petitioner did not provide us with sufficient evidence to establish that he and Genevieve provided more than half of Mark's support, the requirements of section 152(e)(1)(A) are not satisfied as to Mark. As a result, the special support test for children of divorced parents set forth in section 152(e) does not apply with respect to the dependency exemption deduction claimed for Mark. The applicable statute is, then, section 152(a), *514 which requires petitioner to carry the more onerous burden of proving that he alone provided more than one-half of Mark's support. Seraydar v. Commissioner,50 T.C. 756 (1968). Since petitioner has clearly failed to sustain this burden as well, we must uphold the determination of respondent that petitioner is not entitled to a dependency exemption deduction for Mark for 1972. Exemption for Marilyn
As can be seen from table 1, Marilyn's total support, excluding lodging, was $ 2,270. Marilyn contributed $ 830 of this amount, with petitioner and Genevieve contributing the remainder. Consideration of the support provided by way of lodging would not change our conclusion that petitioner and Genevieve provided more than half of Marilyn's support for 1972.This satisfies the requirements of subparagraph (A) of section 152(e)(1), set forth at note 5, supra.
Since Marilyn lived with Genevieve the entire year, the requirements of subparagraph (B) of section 152(e)(1) are satisfied and Genevieve is treated as having provided over half of Marilyn's support unless section 152(e)(2) provides otherwise. In order for petitioner to be treated as having provided over half of Marilyn's support for *515 1972 he must show that he provided at least $ 1,200 for Marilyn's support (sec. 152(e)(2)(B)(i)), set forth at note 5, supra.[8]
We have found that petitioner provided $ 738 ( $ 689 in payments through the Passaic County Probation Department, plus the $ 49 dental bill payment) for Marilyn's support, excluding lodging. For petitioner to have provided at least $ 1,200 for Marilyn's total support for 1972, petitioner's contribution to Marilyn's lodging would have to be at least $ 462 (i.e., $ 1,200 minus $ 738). If we were to agree with petitioner's claim that he should be considered as providing half the value of Marilyn's lodging (n. 6, supra), then *516 the total value of Marilyn's lodging would have to be at least$ 924. Since Genevieve and Mark also shared the house and we have no basis for allocating fair rental value other than equally among Genevieve, Mark, and Marilyn, petitioner could succeed on this point only by showing that the 1972 fair rental value of the house was at least $ 2,772. The evidence in the record is insufficient to carry petitioner's burden of proof. See note 7, supra.
We conclude that petitioner has failed to establish that he contributed the required minimum amount of $ 1,200 to Marilyn's support during 1972. As a result, we need not consider whether respondent clearly established that Genevieve provided more support for Marilyn than petitioner did nor need we decide whether petitioner can prove he contributed over half of Marilyn's support under section 152(a). [9] Under these circumstances, we conclude and hold that respondent properly disallowed the dependency exemption deduction claimed by petitioner for Marilyn in 1972. Decision will be entered for the respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
2. The divorce decree provided as follows with respect to the property: 3. Plaintiff, Genevieve E. Klypka, and defendant, Stephen Klypka, each shall have a one-half interest in the property located at 48 Pinecrest Terrace, Wayne, New Jersey wherein the plaintiff and the children born of the marriage presently reside.
In the event of a bona fide sale and transfer of title of the property, the plaintiff shall not make claim for any monies paid or owed by her on account of taxes, mortgage, interest, insurance, repairs or any other expenses for the property and the defendant shall receive one-half of the sale price subject to the balance then outstanding on the mortgage against the property and the defendant, Stephen Klypka, agrees to execute said deed in such event.
3. After presentation by petitioner of his case in chief and before respondent's presentation, respondent made a "motion for directed verdict in his favor on the basis that petitioner has the burden of proof in this case and has not established the prerequisites according to the requirements of the Internal Revenue Code in this particular case" (transcript, p. 17).No jury is involved in this proceeding. Petitioner has stated a claim and there are genuine issues of material fact involved. Accordingly, we deny the motion and proceed to a consideration of the merits of the case, based on the record before us.↩
4. SEC. 152. DEPENDENT DEFINED. (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) a son or daughter of the taxpayer, or a descendant of either, * * * ↩
5. SEC. 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. for purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.
Section 152(e)(2)(B)↩ was amended by section 2139 of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $ 1,200 for each of the children, in addition to satisfying the other requirements, in order to receive the deduction. This amendment applies only to taxable years beginning after October 4, 1976.
6. Fair rental value is the established measurement of the amount of support given by providing lodging. E.g., Blarek v. Commissioner,23 T.C. 1037 (1955); section 1.152-1(a)(2)(i), Income Tax Regs.
Petitioner does give us his opinion in his brief as to the fair rental value of the lodging. However, mere statements in the briefs of facts not in evidence must be disregarded. Rule 143(b), Tax Court Rules of Practice and Procedure.
Petitioner maintains that he, as one-half owner of the residence of the children, should be considered as supplying one-half of their lodging. To decide this we would have to determine who had "use and possession" of the property. Bruner v. Commissioner,39 T.C. 534 (1962); Lindberg v. Commissioner,46 T.C. 243↩ (1966). In view of our conclusions with respect to the fair rental value of the lodging, we do not find it necessary to make this determination. 7. During a pretrial conference with the parties, petitioner informed the Court that he did not want to be bound by a stipulation as to fair rental value that he had previously signed in this case. Under the circumstances presented during that conference, and in accordance with Rule 91(e), Tax Court Rules of Practice and Procedure↩, the Court relieved both parties of the binding effect of this provision in the stipulation. (See transcript, p. 5.) The fair rental value thus struck from the stipulation would not have been sufficient to enable petitioner to carry his burden of proof.
8. The exception described in section 152(e)(2)(B)(i) requires that the noncustodial parent provide $ 1,200 or more for the support of the children described in section 152(e)(1). To be a child described in section 152(e)(1)↩, more than half the support of the child must have been provided by the parents. We have already determined that petitioner has failed to prove this regarding Mark. Consequently, the amount of petitioner's support for Mark is not to be taken into account in determining whether petitioner has met the $ 1,200 requirement.
9. See section 152(e)(1), set forth at note 5, supra.↩