RICHARD R. YANCEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

FRANKIE LEE JOHNSON (FORMERLY FRANKIE LEE YANCEY), PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2453–77, 3047–77.    Filed April 4, 1979.

*Bruce M. Hofstadter,* for the petitioner in docket No. 2453–77.
*Charles A. Mobley,* for the petitioner in docket No. 3047–77.
*Stanley H. Smith, Jr.,* for the respondent.

TANNENWALD, *Judge:* Respondent determined deficiencies of $192.08 against Richard R. Yancey and $301.65 against Frankie Lee Johnson for the year 1973. At issue is which of petitioners, who are divorced, is entitled to a dependency exemption for their minor child.

## FINDINGS OF FACT

Some of the facts were stipulated and are found accordingly. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioners, Frankie Lee Johnson (hereinafter Johnson) and Richard R. Yancey (hereinafter Yancey), filed their Federal income tax returns for 1973 with the Internal Revenue Service Center, Chamblee, Ga. Both petitioners were residents of Macon, Ga., on the dates the petitions herein were filed.

Prior to their divorce on July 10, 1967, Johnson, formerly Frankie Lee Yancey, and Yancey were married. On May 16, 1967, they entered into a separation agreement settling all claims arising out of the marital relationship, including child support, custody, alimony, and property. The agreement was incorporated into the divorce decree of the Superior Court of Bibb County, Ga., entered on July 10, 1967.

The agreement was drafted by Elsworth Hall III, an attorney

in Macon, Ga., during the petitioners' divorce proceedings. Elsworth Hall III, was counsel for the company for which Yancey worked. The petitioners were not represented by separate attorneys.

At the time the agreement was signed, petitioners had one child, Marsha Ann, and Johnson was pregnant with a child who was thereafter born and named Terry Yancey. The agreement gave Johnson custody of the children and provided for child support, to be paid by Yancey, as follows:

Beginning on May 16, 1967, the husband shall pay to the wife for the support of Marsha Ann Yancey the sum of $62.50 per month and shall pay to the wife for the support of the unborn child a like amount beginning upon its birth. The said payments for the support of each child shall continue until such child reaches age 21, dies, marries, or, after attaining the normal age for attending school, voluntarily ceases to attend school on a regular and full time basis. All such payments shall be payable on the first day of the month for the preceding month with the amount of such payment to be prorated in the event that payment is due for any partial month. *The parties hereto agree that such child support to be furnished by the husband shall exceed one-half of the total support of each child.* [Emphasis added.]

During 1973, Terry was in Johnson's custody for the entire year, and she supplied over one-half of Terry's total support. Johnson also paid $736.25 in child care expenses for Terry during 1973.

Yancey provided $750 in support for Terry in 1973.

In every year from 1967 up to, and including, 1973, both Yancey and Johnson claimed Terry as a dependent on their tax returns.

## OPINION

The issue for decision is which of the petitioners, who are the divorced parents of a minor child, Terry, is entitled to claim him as a dependent.[1] Respondent issued notices of deficiency disallowing the dependency exemption to both parents and takes the position of a stakeholder in this case. Johnson also seeks to deduct $736.25 in child care expenses. The respondent and Johnson agree that the deductibility of the child care expenses

---

[1] Neither petitioner claimed on the returns, nor now claims, the other child, Marsha Ann, as a dependent for 1973, apparently because she was 18 and married.

turns on whether she is entitled to claim Terry as a dependent. See sec. 214.[2]

Section 152(a) provides that a child of the taxpayer qualifies as his dependent, for the purpose of the dependency exemption allowed by section 151, if more than half of the child's support during the taxable year is received from the taxpayer. In the case of divorced parents, subsection 152(e)(1) provides as a general rule that the parent having custody of the child shall be treated as having provided over half of the child's support. The parties are in agreement that under this general rule, Johnson, the custodial parent, would be entitled to the exemption. There are, however, two exceptions to the general rule and Yancey contends that one of these exceptions allows him the deduction. The exception on which Yancey relies in claiming the dependency exemption is subsection 152(e)(2)(A) which provides:[3]

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * *

The parties have stipulated that Yancey provided $750 in 1973 for Terry's support, thus satisfying the requirement of subsection 152(e)(2)(A)(ii). The dispute arises over whether the written separation agreement incorporated into the divorce decree provides that Yancey, the noncustodial parent, is entitled to claim the exemption for Terry, as required by subsection 152(e)(2)(A)(i).

The agreement, which requires Yancey to pay $62.50 per month in support of each child until the child reaches age 21,

---

[2]All section references are to the Internal Revenue Code, as amended and in effect in the taxable year at issue.

Sec. 214 has been repealed for taxable years after 1975 and replaced by a child care credit, which is allowable, in the case of divorced parents, to the parent having custody of the child, rather than to the parent entitled to the dependency exemption. See sec. 44A(f)(5), added by the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520.

[3]The other exception provides that if the noncustodial parent provided at least $1,200 in support and the custodial parent does not clearly establish that he provided more support, the noncustodial parent shall be treated as having provided more than half of the support. Sec. 152(e)(2)(B). Since Yancey provided only $750 in support of Terry, this exception is not applicable.

dies, marries, or leaves school, states, "The parties hereto agree that such child support to be furnished by the husband shall exceed one-half of the total support of each child."

Yancey contends that the foregoing sentence is devoid of meaning unless interpreted as a provision intended to allow him to claim Terry as a dependent. Furthermore, he argues that the separation agreement was drafted, and the divorce decree entered, prior to the enactment of subsection 152(e)[4] and that the interpretation of the sentence in the separation agreement should take into account this sequence of events.

Prior to the enactment of subsection 152(e), the general rule of subsection 152(a) allowing the dependency exemption only to a taxpayer who supplied more than half of a child's total support was applicable in determining which divorced parent could claim a child as a dependent. This rule involved the Internal Revenue Service and this Court in the resolution of numerous disputes between divorced parents over which one had provided a greater amount of support. Congress, therefore, enacted subsection 152(e) to reduce the number of such disputes by providing a clear set of rules as to which divorced parent can claim the dependency exemption. H. Rept. 102, 90th Cong., 1st Sess. (1967), 1967–2 C.B. 590, 591–592; S. Rept. 488, 90th Cong., 1st Sess. 2–3 (1967).

We recognize that a written separation agreement is generally to be interpreted in accordance with the intention of the parties and that where the agreement is ambiguous resort may be had to extrinsic evidence. *Suarez v. Commissioner*, 68 T.C. 857, 861 (1977); *Usher v. Usher*, 442 F. Supp. 866, 868 (N.D. Ga. 1977); *Goodrum v. Fuller*, 237 Ga. 833, 229 S.E.2d 639, 640 (1976).[5] In the instant case, however, we have a specific statutory provision providing for a special exception to the normal rule for determining which parent is entitled to claim the dependency exemption. The application of the general rule of construction of an ambiguous agreement is necessarily qualified to take this into account, since our ultimate task is to determine whether there has been compliance with the statutory mandate. In this context, we think it was incumbent on Yancey to

---

[4]Pub. L. 90–78, 81 Stat. 191 (1967), which added subsec. 152(e) to the Code, was enacted on Aug. 31, 1967, effective for taxable years beginning after Dec. 31, 1966.

[5]See also *Benninghoven v. Commissioner*, T.C. Memo. 1974–228.

demonstrate that the provision in the agreement, upon which he relies, complies with the statutory requirement.[6] Cf. *Sheeley v. Commissioner*, 59 T.C. 531 (1973). This we think he has not done.

We are aware that the statutory provision in question was enacted subsequent to the execution of the agreement and the entry of the divorce decree. See n. 4 *supra*. Such being the case, it would have been unlikely that the parties would have used the precise statutory language, although we are constrained to note that identical legislation had been proposed but not passed in 1966 (see H. Rept. 102, *supra*, 1967–2 C.B. at 591). But the agreement contains none of the language which would ordinarily serve as a "clue" that a reference to the requirements of the income tax law was intended.[7]

Moreover, the language actually employed is susceptible of various interpretations. Thus, Johnson testified that she understood the provision to mean that she could claim the exemption for Terry if she provided more than half of Terry's support. She directly contradicted Yancey's assertion that the provision in question was intended to give him the absolute right to claim the dependency exemptions as soon as he paid $62.50 per child per month, irrespective of the total cost of support. Given the location of the provision in the paragraph dealing generally with Yancey's obligation to provide support payments for the children, it is also possible to interpret it as providing a basis for Johnson to seek increased support for each child if the $62.50 per month turned out to be less than half of the total support for the child.

While we do not suggest that, in order to satisfy the exception contained in section 152(e)(2)(A)(i), the exact language of the statute must always be used, we think that, at a minimum, an agreement such as is involved herein should contain some specific indication that it was intended to be operative for income tax purposes (see n. 7 *supra*).[8] Cf. *Commissioner v.*

---

[6]In placing this burden on Yancey, we note that where Congress intended to place the burden on the custodial spouse to show that the special rule of sec. 152(e)(2) did not apply, it specifically so provided. See sec. 152(e)(2)(B)(ii); *Labay v. Commissioner*, 55 T.C. 6 (1970), affd. per curiam 450 F.2d 280 (5th Cir. 1971).

[7]Such language would include, inter alia, words and phrases such as "exemption," "deduction," "income tax," and "dependent." Cf. *Bridgett v. Commissioner*, T.C. Memo. 1972–160.

[8]Absent the 1967 amendment, it is unlikely that the provision in question would have been sufficient under then-existing law to allow Yancey the exemption. See *Brown v. Commissioner*, 48 T.C. 42, 44 (1967); *Bruner v. Commissioner*, 39 T.C. 534, 537 (1962); *Clary v. Commissioner*, T.C. Memo. 1970–222. See *Bridgett v. Commissioner*, n. 7 *supra*.

*Lester*, 366 U.S. 299, 306 (1961). To adopt any other standard would undermine the legislative goal of eliminating uncertainty, by introducing new uncertainty, albeit of a different type.[9]

Given the absence of any "tax" language in the provision in question, and in light of the varying interpretations to which the provision is susceptible, we conclude that the requirements of section 152(e)(2)(A)(i) have not been satisfied. Accordingly, we hold that Yancey is not entitled to claim Terry as his dependent for 1973 and that Johnson was entitled to claim Terry as her dependent and to deduct her child care expenses for that year.

*Decision will be entered for the respondent in docket No. 2453–77.*

*Decision will be entered under Rule 155 in docket No. 3047–77.*

---

[9]We recognize that this standard will only reduce and not entirely eliminate uncertainty. Cf. *Benninghoven v. Commissioner*, n. 5 *supra*.