NICKI A. MCCLENDON, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 1118–78.     Filed April 2, 1980.

Nicki A. McClendon, pro se.
*Barry Bledsoe,* for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency of
$699.26 in petitioner's Federal income tax for 1975. After
concessions, the sole issue for decision is whether petitioner is
entitled to dependency exemptions under section 151(e), I.R.C.
1954,[1] for two of her minor children.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect
during the year in issue, unless otherwise indicated.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioner Nicki A. McClendon resided in Adamsville, Ala., at the time of the filing of the petition herein. She filed her 1975 Federal income tax return with the Internal Revenue Service Center, Chamblee, Ga.

Petitioner was divorced from Olen McClendon (Olen) on October 11, 1974. Petitioner was awarded custody of Angelia, Tracy, and Michael McClendon, the couple's three minor children. An agreement signed by petitioner and Olen, which was made part of the final divorce decree, provided that Olen would pay $200 a month to petitioner for support and maintenance of the children. The agreement further provided that Olen would be entitled to any dependency exemptions allowable under section 151 for Angelia and Tracy, while petitioner would be entitled to a dependency exemption for Michael.

During 1975, petitioner received from Olen $2,100 for the support and maintenance of their children; however, petitioner provided more than one-half of the support for Angelia and Tracy during that year. Furthermore, during 1975, Olen did not pay petitioner the full amount of child support required by the decree. He additionally failed to pay the children's medical expenses, an obligation also mandated by the decree.

On her 1975 Federal income tax return, petitioner claimed a dependency exemption for each of her three children. Olen also claimed dependency exemptions in 1975 for Angelia and Tracy.

By statutory notice of deficiency dated November 18, 1977, respondent disallowed the exemptions claimed by petitioner for Angelia and Tracy.

## OPINION

Section 151(e) allows a taxpayer an exemption for each dependent as defined in section 152. Section 152(a) defines the term "dependent" as any of certain specified individuals including children, over half of whose support during the calendar year is paid by the taxpayer. However, section 152(e) provides a special test for determining who is entitled to a dependency exemption for a child in the case of divorced parents. Section 152(e)(1) provides as a general rule that the parent having

custody of the child for the greater portion of the calendar year is entitled to the dependency exemption for the child. Section 152(e)(2)(A) provides an exception to the general rule espoused in section 152(e)(1). Section 152(e)(2)(A) provides as follows:

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * *

From the facts in the record, we find that petitioner's former husband, rather than petitioner, is entitled to the dependency exemptions for Angelia and Tracy. The decree of divorce provides that Olen is entitled to the exemptions for Angelia and Tracy. Olen paid to petitioner $2,100 for support of all three children. In the absence of a specific allocation of this amount to each individual child, or any evidence indicating otherwise, it must be presumed that Olen's payments were for the support and maintenance of each child alike. *Kotlowski v. Commissioner*, 10 T.C. 533 (1948). Accordingly, Olen must be considered to have contributed $700 in support of each of the children during 1975, thus satisfying the requirements of section 152(e)(2)(A) for purposes of the dependency exemptions for Angelia and Tracy.

In the face of the clear application of the statute to the facts before us, petitioner argues that Congress never intended that it apply when the person to whom the decree awards the exemption is in breach of that very decree. She further reasons that it is inequitable to deny her the exemptions since she, rather than Olen, bore the heavier burden of the children's support during the taxable year. We cannot agree with petitioner's arguments.

However sympathetic we may be towards petitioner, the statute is clear on its face and leaves no room for implied exceptions. Section 152(e)(2)(A) was intended to provide a means whereby the parties to a divorce could take dependency exemptions directly into consideration when planning financial arrangements attendant to the divorce. The overriding purpose of the section is to provide *certainty* to the parties. See S. Rept. 488, 90th Cong., 1st Sess. (1967); H. Rept. 102, 90th Cong., 1st Sess. (1967). We would subvert the intent and the spirit of the statute

if we held that there was an implied exception when the party entitled to the exemption is not in compliance with the divorce decree. Accord, *Sheeley v. Commissioner*, 59 T.C. 531 (1973). The statute is absolute, and its plain language must control.[2]

Since the divorce decree provided that Olen was entitled to the dependency exemptions for Angelia and Tracy, and he provided more than $600 for their support, petitioner is not also entitled to exemptions for those children.

*Decision will be entered for the respondent.*

---

[2]See *Meshulam v. Commissioner*, T.C. Memo. 1976–111.