JOHN E. and CAROL B. CLARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JO ANN CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket Nos. 5810-79, 19122-80.
United States Tax Court
T.C. Memo 1982-668; 1982 Tax Ct. Memo LEXIS 81; 45 T.C.M. (CCH) 144; T.C.M. (RIA) 82668; November 18, 1982. *81 H and W were divorced in 1971. In 1977, both claimed dependency deductions for two of their children, who were in the custody of W. In that year, H furnished over $1,200 in support of each child. Held, W clearly established that she provided more for the support of such children than did H. Sec. 152(e)(2)(B), I.R.C. 1954. Samuel G. Hayward, for the petitioners to docket No. 5810-79. Jo Ann Clark, pro se in docket No. 19122-80. Aubrey C. Brown, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $540.00 in the Federal income tax of petitioners John E. and Carol B. Clark for 1977 and a deficiency of $311.00 in the Federal income tax of petitioner Jo Ann Clark for 1977. The sole issue for decision is whether petitioners John E. and Carol B. Clark, or petitioner Jo Ann Clark, are entitled to dependency deductions for two of the children of John and Jo Ann Clark. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners John E. and Carol B. Clark resided in Jeffersontown, Ky., when they filed their petition in this case. They filed a joint Federal income tax *82 return for 1977 with the Internal Revenue Service Center, Memphis, Tenn. Petitioner Jo Ann Clark resided in Jeffersonville, Ind., when she filed her petition in this case. She filed her individual Federal income tax return for 1977 with the Internal Revenue Service Center, Memphis, Tenn.
John Clark (Mr. Clark) and Jo Ann Clark (Ms. Clark) were husband and wife prior to May 14, 1971. Three children were born of this marriage: Susan, born September 23, 1958; John E., Jr. (John), born July 1, 1960; and David, born May 14, 1968. Mr. Clark and Ms. Clark were divorced on May 14, 1971. Ms. Clark was awarded custody of Susan, John, and David. The decree of divorce, as modified in 1973, ordered Mr. Clark to pay $70 per week for the support of his children. The decree did not specify an amount payable for the support of each child separately. The decree did not specify when the payments were to end, nor under what circumstances, if any, the payments were to be reduced. Neither the decree nor any agreement between Mr. Clark and Ms. Clark provided who would be entitled to the dependency deductions for their children. During 1977, Susan, John, and David resided with Ms. Clark. Susan *83 worked part-time during that year, but she made no contribution toward her room or board or to the support of John or David. In that year, John delivered newspapers, but he stopped doing so because many customers did not pay him. The paper route produced no income. John and David each received over one-half of his support during 1977 from his parents, Mr. Clark and Ms. Clark. During 1977, Mr. Clark made child support payments of $70 per week for 21 weeks and $50 per week for 31 weeks, for a total of $3,020. Of this amount, $480 was in the form of checks payable to Susan Clark. Mr. Clark reduced his weekly support payments by $20 upon Susan's completion of high school in 1977. In August 1978, Ms. Clark obtained a judgment against Mr. Clark for arrearages in child support payments, including the $20 a week that he had withheld for the support of Susan. During 1977, Ms. Clark expended the following amounts for the support of John and David: Amounts Allocable
Item
Family Total
To John
To David
Fair rental value of
lodging furnished
$4,500.00
$1,125.00
$1,125.00
Gas
326.57
81.64
81.64
Electricity
332.77
83.19
83.19
Water
209.96
52.49
52.49
Telephone
325.03
81.26
81.26
Newspaper
88.70
22.17
22.18
Garbage
45.00
11.25
11.25
Food
3,900.00
975.00
975.00
School
121.95
64.00
Medical
50.00
120.00
Clothing
350.00
281.00
Entertainment and
transportation
240.00
Haircuts
30.00
Gifts
200.00
200.00
Total support
$3,153.95
$3,367.01
*84 On their Federal income tax returns for 1977, both Mr. Clark and Ms. Clark claimed dependency deductions for John and David. In his notices of deficiency, the Commissioner disallowed the dependency deductions for John and David claimed by Mr. Clark and those claimed by Ms. Clark. At trial and in his brief, the Commissioner has adopted the position that Ms. Clark was entitled to the dependency deductions for John and David for 1977. OPINION The sole issue presented for decision is whether Mr. Clark or his former wife, Ms. Clark, is entitled to dependency deductions for their two sons. Section 152(e)(1) of the Internal Revenue Code of 1954[1] provides, as a general rule, that when the parents are divorced, the custodial parent is entitled to the dependency deduction for a child who receives over one-half of his support from his divorced parents and who is in the custody of either or both parents for more than one-half of the year. However, section 152(e)(2)(B)[2] provides an exception to such rule under which the noncustodial parent is treated as furnishing over one-half of the support of a child if such parent provides $1,200 or more for the support of such child (or if there is *85 more than one child, $1,200 or more for the support of each child) and if the custodial parent "does not clearly establish" that she provided more support for such child than did the noncustodial parent. It is clear that both John and David received over one-half of their support from their parents during 1977 and that they were in Ms. Clark's custody for the entire year. It is also clear that Mr. Clark made child support payments of $3,020 during 1977, but there is a dispute concerning the allocation of that amount among the children. Where the divorce decree provides an amount payable for the support of more than one child and does not allocate specific portions of the total amount to each *86 child individually, then in the absence of any evidence indicating otherwise, it must be presumed that child support payments are for the support and maintenance of each child alike. McClendon v. Commissioner,74 T.C. 1, 3 (1980); Kotlowski v. Commissioner,10 T.C. 533, 536 (1948). Mr. Clark contends that all of the 1977 support payments ($3,020) should be allocated between John and David. Mr. Clark argues that since Susan became 18 years of age prior to 1977, he was, under the law of Kentucky, no longer obligated to support her. Thus, he concludes that all support payments made during 1977 were for the support of John and David. However, we need not decide whether Mr. Clark's obligation to support Susan ceased, under Kentucky law, when Susan became 18. The record indicates that Mr. Clark paid $480 of the total support of $3,020 directly to Susan, that he intended to continue to support her until she completed high school, and that thereafter he reduced the weekly support payments by $20. Thus, we conclude that irrespective of whether he was obligated to do so, Mr. Clark did in fact support Susan during 1977 to the extent of $480, and that to such extent, he diminished the support *87 he provided to John and David. Therefore, during 1977, Mr. Clark provided support for John and David each in the amount of $1,270. See McClendon v. Commissioner,supra;Kotlowski v. Commissioner,supra.
Since we have found that Mr. Clark provided more than $1,200 for the support of John and David each, the burden of proof shifted to the custodial parent, Ms. Clark, to "clearly establish" that she furnished more support than did Mr. Clark. This higher standard of proof has been interpreted by this Court to mean: that the common import of the words "clearly establish," as used in section 152(e)(2)(B)(ii), requires only that it be shown by a clear preponderance of the evidence that the parent having custody of the children provided a greater amount for their support than the parent not having custody. A "clear preponderance" of the evidence means something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof. In other words, it is evidence that tends directly to establish the point to which it is adduced, instead of leaving it a matter of conjecture or presumption. * * * [Labay v. Commissioner,55 T.C. 6, 13 (1970), affd. per curiam 450 F. 2d 280 (5th Cir. 1971); *88 emphasis in original.] To carry such burden, Ms. Clark testified to, and presented written estimates of, various items of support, including lodging, food, school, medical care, clothing, entertainment and transportation, haircuts, and gifts. Such items are all properly includable in determining the support of a child. [3] *89 Many of the items were substantiated by documentary evidence. We found Ms. Clark's testimony credible and her estimates generally reasonable, although we modified some of her estimates to more closely reflect the amounts shown in her documentation. Furthermore, Mr. Clark agreed with Ms. Clark's estimates for school, medical, and haircut expenses. Mr. Clark did challenge her testimony with respect to the value of lodging and the amounts spent for food and clothing. We have carefully examined those claims, and we are satisfied that the amounts set forth in our findings of fact are supportable. Consequently, we have concluded that the items of support furnished John amounted to $3,153.95; those furnished to David amounted to $3,367.01. For the purpose of applying the rules of section 152(e), such section provides in part that "amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support." In determining Ms. Clark's contribution to John and David's support, her contribution is the excess of the total amount of support furnished over the amount furnished by Mr. Clark, the noncustodial parent. Sec. 1.152-4(d)(4), Income Tax Regs. We have found that during 1977, Mr. Clark furnished $1,270 for the support of John and David *90 each. Thus, the support furnished each child by Ms. Clark may be determined as follows: John
David
Total support furnished
$3,153.95
$3,367.01
Less: Mr. Clark's support
furnished
1,270.00
1,270.00
Ms. Clark's support furnished
$1,883.95
$2,097.01
Accordingly, we hold that Ms. Clark has clearly established that she provided more for the support of each child than did Mr. Clark and that she, and not Mr. Clark, is entitled to the dependency deductions for John and David for 1977. Decision will be entered for the respondent in docket No. 5810-79.
Decision will be entered for the petitioner in docket No. 19122-80.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
2. The other exception to the general rule of sec. 152(e)(1) is contained in sec. 152(e)(2)(A)↩ providing that the dependency deduction may be allocated to the noncustodial parent by the decree or by an agreement of the parents. That exception does not apply in this case, since there was no decree or agreement specifying which parent is entitled to the dependency deductions for John and David.
3. In his brief, Mr. Clark contends that gifts are not properly includable in the support provided by Ms. Clark to John and David. This contention is erroneous. The term support "includes food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. We have construed the term support to include the gift of an organ ( Cramer v. Commissioner,55 T.C. 1125 (1971)) or of singing and dancing lessons ( McKay v. Commissioner,34 T.C. 1080 (1960)). See also Herbert v. Commissioner,T.C. Memo. 1980-458; Clark v. Commissioner,T.C. Memo. 1980-24; Puckett v. Commissioner,T.C. Memo. 1978-337↩, where we counted as support gifts provided to children of divorced parents.