T.C. Memo. 1998-409

UNITED STATES TAX COURT

BONNIE A. BROUGHTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22996-97.                    Filed November 13, 1998.

Bonnie A. Broughton, pro se.

Mary T. Klaasen, for respondent.

MEMORANDUM OPINION

POWELL, Special Trial Judge:  This case was assigned
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined deficiencies in petitioner's Federal
income taxes for the taxable years 1994 and 1995 in the
respective amounts of $735 and $752.

---

[1]  Section references are to the Internal Revenue Code in
effect during the years at issue, and Rule references are to the
Tax Court Rules of Practice and Procedure.

The sole issue is whether petitioner is entitled to claim two dependency exemptions for her children. Petitioner resided in Boise, Idaho, at the time she filed her petition with this Court.

## Background

The facts may be summarized as follows. Prior to 1984, petitioner was married to Gary Broughton (Gary), and two children, Cacy and Matthew, were born of the marriage. In 1984, petitioner and Gary were divorced. Pursuant to the divorce agreement, which was incorporated into the final decree dissolving the marriage, Gary would pay $250 per month for each child as child support. Petitioner was given physical custody of the children. The agreement further provided in paragraph 18 that Gary "shall be allowed the exemption for both State and Federal tax returns for the minor children for the year 1984, and each tax year thereafter." In 1987, Cacy was injured in an automobile accident. On June 9, 1987, the Decree of Divorce was modified to provide that Gary would maintain major medical and dental insurance policies for the children and that

> all medical and dental expenses incurred by the minor children but not covered by insurance shall be split equally between the parties and each party shall be 50% obligated on said debit. In addition, the Defendant [Gary] agrees to be responsible for ½ of any medical expenses incurred by the minor child, Cacy as a result of her accident in January 1987, that are not covered by insurance.

Paragraph 18, relating to the tax exemptions, was not modified.

It is stipulated that Gary continually has made all payments for child support. Petitioner alleges, however, that he has not satisfied the provisions of the amended decree relating to the payment of medical expenses for the children. For this reason, on her 1994 and 1995 Federal income tax returns, petitioner claimed an exemption for both children. Respondent disallowed the exemptions, the issue now before the Court.

## Discussion

Section 152(a) defines a dependent, inter alia, as a son or daughter "over half of whose support, for the calendar year * * * was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". Under section 152(e)(1) generally the person who has custody for the greater portion of the calendar year (the custodial parent) is treated as having supplied over half of the support. In the case, however, of a divorce decree executed prior to January 1, 1985, the noncustodial parent shall be treated as having supplied over half the support if the noncustodial parent provides at least $600 for the support of the child during the calendar year and the divorce decree "provides that the noncustodial parent shall be entitled to" the exemption for such child. Sec. 152(e)(4)(A). In the case before us, Gary provided at least $600 for the support of each child during 1995, the divorce decree was entered prior to

January 1, 1985,[2] and the divorce decree provides that Gary "shall be allowed the exemption[s] * * * for the minor children".

Petitioner argues that it is inequitable to deny her the exemptions because, when the medical expenses that Gary has not paid are considered, she paid more than half of the support of the children. We answered the same question in McClendon v. Commissioner, 74 T.C. 1, 3-4 (1980):

> However sympathetic we may be towards petitioner, the statute is clear on its face and leaves no room for implied exceptions. * * * [Section 152(e)(4)] was intended to provide a means whereby the parties to a divorce could take dependency exemptions directly into consideration when planning financial arrangements attendant to the divorce. The overriding purpose of the section is to provide certainty to the parties. We would subvert the intent and the spirit of the statute if we held that there was an implied exception when the party entitled to the exemption is not in compliance with the divorce decree. The statute is absolute, and its plain language must control. [Emphasis in original; citations and fn. ref. omitted.]

The divorce decree is a matter of State law, and, if it is to be further amended, it is a matter for the State court and not this Court.

Decision will be entered

for respondent.

---

[2] While the divorce decree was amended or modified after that date, the pre-1985 provision in paragraph 18, relating to the exemptions, was not modified and remains fully in effect.