T.C. Summary Opinion 2003-31


UNITED STATES TAX COURT


AMANDA M. BEEGHLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6809-01S.            Filed March 28, 2003.


<u>Leslie Book</u>, <u>James Fee</u>, Alvin Changco, and
Irfan Dinani for petitioner.

<u>Jeffrey C. Venzie</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code
in effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years 1997 and 1998.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.

Respondent determined deficiencies of $2,313 and $2,863, respectively, in petitioner's 1997 and 1998 Federal income taxes. The issue for decision for each year in issue is whether petitioner is entitled to a dependency exemption deduction for her daughter.[1] The resolution of the issue for each year depends upon whether petitioner was her daughter's "custodial parent", within the meaning of section 152(e).

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in St. Clair, Pennsylvania.

Petitioner married Roger M. Beeghly on December 2, 1993. They have one child, a daughter, Shelby N. Beeghly, born June 20, 1994 (Shelby). Petitioner and Mr. Beeghly separated in 1995 and were divorced in 1999. They did not live together at any time during the last 6 months of either year in issue.

On April 29, 1996, petitioner and Mr. Beeghly entered into a separation agreement (the agreement) which provides in relevant part:

> 9. Custody and Visitation: The parties shall have shared legal and physical custody of * * * [Shelby]. * * * [Petitioner] shall enjoy partial physical custody for purposes of visitation as follows:

---

[1] For each year, other adjustments are made in the notice of deficiency. The parties agree, and the Court concurs, that under the circumstances, resolution of all other adjustments follows automatically from the resolution of the above-stated issue.

a) alternate weekends from Friday at 8:00 a.m. until Monday at 8:00 a.m. commencing the first weekend after execution of this Agreement and continuing on alternate weekends thereafter;

b) from Wednesday at 8:00 a.m. until Friday at 8:00 a.m. on alternate weeks commencing the first Wednesday after execution of this Agreement and continuing on alternate weeks thereafter;

c) from Monday at 8:00 a.m. until Wednesday at 8:00 a.m. on alternate weeks commencing the second Monday after execution of this agreement and continuing on alternate weeks thereafter;

d) each Mother's Day from 8:00 a.m. of said Holiday to 8:00 a.m. the following day.

* * * [Mr. Beeghly] shall enjoy partial physical custody for purposes of visitation as follows:

a) alternate weekends from Friday at 8:00 a.m. until Monday at 8:00 a.m. commencing the second weekend after execution of this Agreement and continuing on alternate weekends thereafter;

b) from Wednesday at 8:00 a.m. until Friday at 8:00 a.m. on alternate weeks commencing the second Wednesday after execution of this Agreement and continuing on alternate weeks thereafter;

c) from Monday at 8:00 a.m. until Wednesday at 8:00 a.m. on alternate weeks commencing the first Monday after execution of this agreement and continuing on alternate weeks thereafter;

d) each Father's Day from 8:00 a.m. of said Holiday to 8:00 a.m. of following day.

* * * * * * *

Physical custody of * * * [Shelby] on the following holidays shall be divided between the parties as they can hereafter determine:  Thanksgiving Day, Christmas Day, New Years Day, Easter, Memorial Day, Independence Day, Labor Day and Memorial Day [sic].

The agreement was superseded by an Order of Court, issued on December 1, 1997, by the Court of Common Pleas of Somerset County, Pennsylvania (the order), which provides in relevant part:

> Accordingly, we enter this temporary order to the effect that * * * [petitioner and Mr. Beeghly] will have primary physical custody of * * * [Shelby] on a week-about basis with custody to be exchanged every Sunday at 12:00 noon * * * which will occur * * * on Sunday, January 4, 1998.
>
> * * * * * * *
>
> It is further ordered that for the Christmas Holiday of 1997, * * * [Shelby] shall be in the primary physical custody of * * * [petitioner] beginning at 8:00 a.m. on December 19, 1997, and continuing until 9:00 p.m. on December 24, 1997.  When * * * [Shelby] shall be delivered to * * * [Mr. Beeghly] by * * * [petitioner], who shall retain the child in his partial physical custody from 9:00 p.m. on December 24, 1997, until 12:00 noon on January 4, 1998, when the first exchange is scheduled to be made * * *.

The agreement is applicable until December 1, 1997.  From that date throughout 1998, the order applies.

Not counting the holidays specifically referred to in the agreement (the 1997 holidays), the schedules set forth in the agreement and order establish that during 1997 petitioner was to have physical custody of Shelby for specific periods for a total of 177 days, and Mr. Beeghly was to have physical custody of Shelby for specific periods for a total of 182 days.  The agreement is silent with respect to which parent was to have physical custody of Shelby on each of the 1997 holidays.

Nevertheless, the order provides that Mr. Beeghly was to have physical custody of Shelby on Christmas Day that year. With respect to other 1997 holidays, petitioner had actual, physical custody of Shelby on New Year's Day, Easter, and Thanksgiving. Mr. Beeghly had actual, physical custody of Shelby on Labor Day.

For 1998, pursuant to the schedule set forth in the order, petitioner was awarded physical custody of Shelby for specific periods for a total of 182 days, and Mr. Beeghly was awarded physical custody of Shelby for a specific period for a total of 183 days.[2]

As relevant here, on her Federal income tax return for each year in issue, petitioner computed her Federal income tax liability taking into account the following: (1) Head of household filing status and the appropriate standard deduction; (2) a dependency exemption deduction for Shelby; (3) a child tax credit (1998 only); (4) a credit for child care expenses; and (5) an earned income credit computed by treating Shelby as a qualifying child.

For each year, respondent determined that petitioner was not entitled to a dependency exemption deduction for Shelby because she did not establish that she was Shelby's custodial parent for a greater portion of the year. Other adjustments made in the notice of deficiency need not be discussed.

_____

[2] There were 365 days in each year in issue.

Discussion

In general, a taxpayer is entitled to a dependency exemption deduction for each of the taxpayer's dependents. Sec. 151(c). The term "dependent" includes a child of the taxpayer, over half of whose support for the year is received, or treated as received, from the taxpayer. Sec. 152(a). Because Shelby is the child of parents who did not live together during the last 6 months of either year in issue, her support is determined pursuant to section 152(e). That section provides, subject to certain conditions not in dispute and exceptions not applicable here, that the child is treated as having received over half of his or her support from the parent who has custody over the child for a greater portion of the year. That parent is referred to as the "custodial parent". Because the child is treated as having received over half of his or her support from the custodial parent, generally the custodial parent is entitled to a dependency exemption deduction for the child. For purposes of section 152(e), custody is determined by the terms of the most recent custody decree, or if none, by the terms of a written separation agreement, in effect at the relevant time. Sec. 1.152-4(b), Income Tax Regs. In this case the agreement and the order establish the extent of petitioner's legal and physical custody of Shelby for 1997. The order alone establishes the extent of petitioner's legal and physical custody of Shelby for 1998.

Petitioner claims that she was Shelby's custodial parent for a greater portion of each year in issue and is therefore entitled to the dependency exemption deductions here in dispute. In support of her position, petitioner relies upon section 1.152-4(b), Income Tax Regs., which states:

> (b) Custody. "Custody", for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, or if the validity or continuing effect of such decree or agreement is uncertain by reason of proceedings pending on the last day of the calendar year, "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.

Petitioner claims that she had "physical" custody of Shelby for a greater portion of each year in issue and proceeds (as does respondent for that matter) as though the actual, physical custody of Shelby must be determined on a day-by-day basis for each day of the years in issue. Presumably, petitioner's position in this case is based upon the reference to "split custody" in the regulation. As petitioner construes the regulation, in a "split", joint, or shared custody arrangement, the express terms of a custody instrument (written agreement or order) establishing legal and/or physical custody are, in effect, ignored and actual, physical custody must be determined even though the custody instrument specifically allocates physical

custody of the child between parents for definite periods. We disagree and consider such a construction to be wholly inconsistent with the underlying rationale for section 152(e). See McClendon v. Commissioner, 74 T.C. 1, 3 (1980); Yancey v. Commissioner, 72 T.C. 37, 40 (1979); Knight v. Commissioner, T.C. Memo. 1992-710, affd. without published opinion 29 F.3d (9th Cir. 1994).

To the extent that the agreement and the order contain schedules that allocate Shelby's physical custody between petitioner and Mr. Beeghly for specific periods, the days included within those periods are counted, respectively, as days of physical custody for either petitioner or Mr. Beeghly for purposes of section 152(e). With the exception of the 1997 holidays, it is irrelevant which parent had actual, physical custody of Shelby on any given day during the years in issue.

As we view the matter, actual, physical custody of the child is relevant for purposes of section 152(e) only if the "split", joint, or shared custody instrument does not allocate physical custody between the parents for specific periods, but, as in this case for the 1997 holidays, leaves it up to the parents of the child to decide which will have physical custody on certain days. Consequently, we turn our attention to the 1997 holidays.

The parties agree that petitioner had actual, physical custody of Shelby on New Year's Day, Easter, and Thanksgiving.

The parties further agree that Mr. Beeghly had actual, physical custody of Shelby on Labor Day.  The parties disagree as to which parent had, or should be considered to have had, actual, physical custody of Shelby on Memorial Day,[3] Independence Day, and Christmas.  We need not consider which parent had actual, physical custody of Shelby on Christmas Day because the order specifically awards physical custody to Mr. Beeghly.  Actual, physical custody on that date, therefore, is, as noted above, irrelevant.

All things considered, for purposes of section 152(e) custody of Shelby during 1997 is as follows:

|  | Petitioner | Mr. Beeghly |
|---|---|---|
| Days of physical custody per agreement or order | 177 | 182 |
| Days of actual, physical custody on holidays (as agreed between the parties) | 3 | 1 |
| Days of actual, physical custody on holidays (disputed by the parties) | 2[4] | --- |
| Total days | 182 | 183 |

---

[3] Shelby spent Memorial Day with petitioner's mother.

[4] We give petitioner the benefit of the doubt, as resolution of the dispute between the parties for these two holidays is of no consequence.

Because Mr. Beeghly had custody of Shelby for a greater portion of 1997, petitioner is not considered Shelby's custodial parent for that year. Shelby, therefore, is not treated as having received over half of her support from petitioner and does not fit within the definition of a dependent for purposes of the dependency exemption deduction here in dispute. It follows that petitioner is not entitled to a dependency exemption deduction for Shelby for 1997, and respondent's determination disallowing that deduction is sustained.

The order, through the schedule set forth therein, awards physical custody of Shelby to petitioner for 182 days and to Mr. Beeghly for 183 days during 1998. Because petitioner was not awarded custody of Shelby for a greater portion of 1998, she is not Shelby's custodial parent for that year. As with 1997, it follows that petitioner is not entitled to a dependency exemption deduction for Shelby for 1998, and respondent's determination in this regard is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.